

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Robert Frazer*  *970 Broad Street, Suite 700*  *Direct Dial: (973)645-2897*
*Assistant United States Attorney*  *Newark, New Jersey 07102*  *Facsimile: (973) 645-3497*

November 20, 2020

**BY ECF**

The Honorable John Michael Vazquez
District Court Judge
United States Courthouse and Post Office
Newark, New Jersey 07102

    Re:   United States v. Michael Healy
           <u>Crim. No. 18-703 (JMV)</u>

Dear Judge Vazquez:

    The Government is in receipt of defendant Michael Healy's letter dated November 19, 2020 in the form of a motion for the Court to order the Government to comply with its *Brady* obligations. The letter is filled with legal and factual inaccuracies and completely devoid of case law supporting entitlement to the relief sought, including that the defense is entitled to "open file" discovery of the homicide files for the three murders Healy has been charged with in the Superseding Indictment; that the court should undertake its own review of the discovery material to look for additional *Brady* material and for the Government to provide the Court with a "*Brady* log"; and that the Government should undertake an independent investigation to determine more people[1] that may have had a motive to kill the three murder victims or who trafficked drugs other than Healy in furtherance of the enterprise. The Government respectfully requests an opportunity to submit a point-by-point response no later than December 7, 2020.

    For now, the Court should be aware of the following:

1) The Government stands by each and every answer in its September 17, 2020 response to the defendant's June *Brady* request letters. As will be discussed in our fuller point-by-point response, many of the requests were overbroad, similarly did not cite to any legal authority, requested discovery which did not constitute *Brady* material

---

[1] The Government specifically pointed out to the defense, and provided police reports, in each homicide pertaining to the "alternate theories" police were investigating prior to focusing on the evidence against Healy. See response to paragraphs 10 and 19 of the Government's September 17, 2020 letter.

(including a category the defendant calls "circumstantial Brady evidence" which has no basis in the law[2]) and requested *Giglio* and *Jencks* material (though fashioned as a *Brady* request) well in advance of what the law requires.[3]

2) Myself and Ms. Khan have 45 years of combined prosecutorial experience and we fully understand the Government's obligations under *Brady* and the Department of Justice Guidelines which extend beyond the *Brady* case law requirements. I have personally handled each of the two death penalty cases this District has brought in the last 15 years and fully understand the unique circumstances that such a case presents.

3) In an email communication from Mr. Turano and Mr. Ambrosio yesterday, defense counsel stated that "we certainly did <u>not</u> accuse you of any misconduct or ethical violations. In fact, we made a concerted effort not to." Thus, no bad faith is being alleged by the defendant.

4) The Government has not only fully met its *Brady* obligations, but because of the nature of the charges in this case and the potential penalties, the Government has exceeded those requirements by providing discovery which would not ordinarily be available to the defense at this stage of the proceedings (for example, we have provided certain witness statements, though not required to do so, without any trial date having been set).

5) The Government has turned over the very material the defendant requests. For example, the Government in its September 17, 2020 *Brady* response letter pointed out specifically the "alternate leads" law enforcement pursued in each of the murders, that is any investigation which focused on someone other than Healy. All of those reports were turned over in discovery. See response to *Brady* requests 10 and 19 ("There is no direct evidence the murders were not related. However, early in the investigations of the charged homicides, local law enforcement did investigate other avenues as detailed in reports previously turned over in discovery. Investigation into the murder of Juan Santos Martinez, for example, centered around his family before

---

[2] See pages 3-4 of defendant's June 18, 2020 Brady request. Defendant defines this new and overly broad category of the Government's Brady obligation as "[a]ny circumstantial evidence that can be used by Healy to suggest to a jury that he did not kill or conspire to kill the victims and any circumstantial evidence that can be used by him to suggest that he was not the leader of a DTE is what we consider 'circumstantial Brady evidence' which must be turned over to the defendant immediately."

[3] The Court must balance the safety to witnesses in this case against allowing early disclosure of *Giglio* material as Healy is charged with three murders, including the murder of people he believed to be Government informants. A protective order is now pending before the Court to address those concerns in one instance. The defendant's requests in both the motion and their June 15, 2020 request letter for impeachment (*Giglio*) material of the Government's witnesses so far in advance of any trial date, is unprecedented and not supported by case law.

2

    evidence was developed leading to the charges in this case. See reports already provided. In the Joey Colon murder, as contained in the reports previously turned over, law enforcement originally looked into ties he or his family may have had with local gangs before evidence was developed leading to the charges in this case.")

6) The Government provided the defense with the statement of Steven Capiello, which was summarized in a police report turned over in the first round of discovery. This was supplemented later on with the actual video recording of that interview. The defense then complained the Government did not classify these statements as *Brady*. The Government's opinion on whether the material constitutes *Brady* is irrelevant. There is absolutely no dispute that the material was turned over in a timely fashion as the trial in this matter has not even been set and may be more than a year away.

7) The Government undertook an exhaustive search for *Brady* material, pouring over every homicide file related to the three murders charged in this case. For example, not only were official police reports examined, but every scrap of paper, handwritten notes on back of folders, miscellaneous computer searches and every electronic file were gone over, and any material that arguably fit the category of "helpful to the defense" was turned over.

    While the Government does not oppose an order by the Court that the Government must continue to comply with its *Brady* obligations, the Government believes it is a moot point as the Government is doing just that. The other relief sought by the defendant simply is overbroad, falls outside the scope of *Brady* and the Department of Justice Guidelines, is unprecedented and is not supported by the facts of this case or the law.

    Thank you for your consideration. The Government respectfully requests December 7th to file its detailed response.

                                          Respectfully submitted,

                                          CRAIG CARPENITO
                                          United States Attorney

                                          BY: Robert Frazer
                                              Naazneen Khan
                                              Assistant U.S. Attorneys