LAW OFFICES OF
# STEPHEN TURANO

sturano@turanolaw.com

| | |
|---|---|
| 275 MADISON AVENUE<br>35TH FLOOR<br>NEW YORK, NY 10016 | 60 PARK PLACE<br>SUITE 703<br>NEWARK, NJ 07102 |
| TEL (917) 974-1781<br>FAX (212) 208-2981 | TEL (973) 648-6777<br>FAX (212) 208-2981 |

REPLY TO NEW JERSEY OFFICE

January 11, 2021

**VIA ECF**
The Honorable John Michael Vazquez
United States District Judge
United States Courthouse and Post Office
50 Walnut Street
Newark, New Jersey 07102

      Re:    USA v. Michael Healy
                 Crim. No: 18-703 (JMV)

Dear Judge Vazquez:

     We write this submission in response to the Government's January 8, 2021 letter ("Government's January 8th Letter"), because we believe its response further demonstrates the deep divide between the parties' understanding of the Government's *Brady* obligations.[1]

     As indicated in Healy's *Brady* Motion (Dkt. No. 95) and December 15, 2020, reply brief ("Healy Reply") (Dkt. No. 104), most of the *Brady* evidence he seeks falls under the category of third-party guilt. From the start, Healy requested evidence pertaining to victim Joey Colon's ("Colon") membership in the Latin Kings and a potential dispute he had with rival gang members shortly before his death.[2] The defense renewed its request for this *Brady* information, and in Healy's Reply identified specific portions of discovery establishing that Newark Police believed rival gang members may have had a reason to kill Colon. Counsel wrote: "Newark Police, immediately upon learning Colon was the murder victim, dispatched patrol cars to more than one specific location (undisclosed in the production) for 'possible relation'

---

[1] The Government's January 8th Letter was emailed to chambers but was not filed on ECF.

[2] On June 18, 2020, Healy requested from the Government "[a]ll evidence related to Joey's involvement with the Latin Kings, including but not limited to law enforcement reports and gang intelligence reports." The June 18th *Brady* demand letter is attached as Exhibit 1 to Healy's *Brady* Motion (Dkt. No. 95). The Government responded "[it] is not in possession of any other reports regarding Joey Colon's possible involvement in the Latin Kings street gang." *Id*.

1

[sic]³ for an undisclosed incident. **Healy requests the immediate production of all discovery causing law enforcement to take this action, including but not limited to, Colon's murder file and gang-related files from** [Newark Police Department and Essex County Prosecutor's Office] **for Colon.**" Healy Reply at 8 (emphasis in original).

After the Government filed its December 9, 2020 *Brady* opposition (Dkt. Nos. 96 and 103), in which it contends that it has no obligation under *Brady* to search law-enforcement files for materials related to Colon's gang involvement, AUSA Khan, by email dated December 18, 2020, asked defense counsel to provide the Government with the specific citations within the discovery on this point. Defense counsel complied.⁴ In its January 8th Letter the Government declared that it satisfied its *Brady* obligation because "[t]he officer [] identified himself in each recording by stating the unit he was operating on the night of the homicide."

Newark Police were in possession of gang intelligence which prompted them to send squad cars to fend off "possible retaliation" to specific locations. Healy contends that the Government has an affirmative duty under *Brady* to search the files of joint investigative agencies (here, Newark Police Department and Essex County Prosecutor's Office) for evidence of third-party guilt. Healy also contends that *Brady* requires the Government to interview the officer who gave the command to send squad cars to specific locations to fend off possible retaliation and the responding officers. The Government must ask the officers, "why that location, who were to suspected retaliators, and what was the nature of the suspected on-going feud?" Finally, on this point, Healy contends that the Government must seek and produce and gang intelligence files containing this information. *See, e.g.*, Healy's *Brady* Motion and Reply.

Notwithstanding the Government's original determination of its *Brady* obligations, once it was placed on notice of the potential "retaliation" against Colon by rival gangs, the Government is under the inescapable duty to undergo a review of the Newark police and Essex County Prosecutor's files, joint investigative agencies, to determine the very specific and limited gang intelligence on this issue. It has again refused to do so and instead suggests that the name of an officer is sufficient to discharge its *Brady* obligation to turn over gang records.

The Government's January 8th Letter also asked defense counsel for cites in the discovery where "Persons of Interest" were identified pertaining to the murder investigation of Juan Santos Martinez ("Martinez"). In Healy's Reply, counsel asked for "[t]heir interviews, the reason each person was considered suspicious and why each was eventually excluded (if ever) as a suspect" were not included in the Government's production." Healy Reply at 9. Contrary to the contention in the Government's January 8th Letter, of the seven people listed as potential suspects (Martinez's relatives), the discovery contained extremely brief summaries of only three of the witness interviews and, except for Martinez's wife, the discovery did not contain any information why the other six relatives were considered suspects and why, if any, were eliminated.

---

³ This was a typo in the Healy Reply; it was intended to read "possible retaliation."

⁴ That the Government could not find the reference in its own discovery illustrates just how difficult it is for the defense to navigate through the discovery, especially here, where the information only appeared in the "native" files rather than the files the Coordinating Discovery Attorney converted into searchable files.

## Conclusion

For the reasons stated herein and in Healy's *Brady* Motion and Reply (Dkt. Nos. 95 and 104), Healy respectfully asks the Court to direct the Government to immediately produce to defense counsel all *Brady* discovery requested.

Very truly yours,

/s/ *Stephen Turano*
/s/ *Thomas Ambrosio*

Stephen Turano, Esq.
Thomas Ambrosio, Esq.
Attorneys for Defendant Michael Healy

cc: All counsel of record