

June 1, 2021

Honorable John Michael Vazquez
United States District Judge
50 Walnut Street
Newark, NJ 07102

      Re:    USA v. Michael Healy
               18-cr-703

Dear Judge Vazquez:

    Please accept this Reply to the Government's Response to Motion Michael Healy's motion to declare his death penalty prosecution unconstitutional (ECF No. 128).

    The Government's first argument in opposition to Healy's motion is that the motion is premature because the Government has not yet given notice that it intends to seek a sentence of death (Govt. Response at 3) That argument misses the point. Until the United States Attorney General issues a letter to the United States Attorney for the District of New Jersey authorizing and directing [him/her] not to seek the death penalty against Healy, counsel for Healy must assume that the Government intends to seek a sentence of death for him and counsel remain ethically required to conduct an exhaustive mitigation investigation with the ultimate aim of convincing a jury that Healy does not deserve the death penalty.

    The amount of time, effort and expense required for defense counsel to conduct constitutionally adequate mitigation investigation in a death eligible case is enormous.

    Healy's motion is not premature because, if it is granted, a tremendous amount of time, effort, expense will be saved since capital mitigation investigation would no longer be necessary.

Healy is conducting pre-authorization capital mitigation investigation. However, as set forth in his brief, government action in response to the coronavirus pandemic has prevented him being able to conduct adequate capital mitigation. The granting of his motion, would give him redress, since he would not have to engage in the futile legal endeavor of conducting constitutionally inadequate capital mitigation. Government action in responding to the coronavirus pandemic forever prevents Healy from being able to conduct constitutionally adequate capital mitigation.

The Government also argues that No Statutory or Other Legal Authority Supports Healy's Request (Govt. Brief at 5). Healy's brief indicated that he relief he sought was unprecedented and that no case law supported or precluded his relief. He relies upon the United States Constitution as his legal authority.

The Government has unilateral power, at any stage of a capital proceeding, to elect not to seek the death penalty against a defendant. The unprecedented events of the coronavirus pandemic and the government's action in response to the pandemic have already happened. If Healy's argument that he could never have a fair death penalty is accepted by the Court then the Government should not be allowed to unilaterally require the time consuming and expensive capital mitigation process continue.

Healy acknowledges the fact that a nearly verbatim motion to his, filed in the Eastern District of New York in United States v. Snipe, Crim. No. 18-609 (RJD), was denied with leave to renew. (See Govt. Brief at 5).

The Court is respectfully asked to grant Healy's motion and permanently bar the Government from seeking the death penalty against him for the murder alleged in the indictment, but if the motion is denied Healy should be afforded the opportunity to renew the motion, if the Government gives notice it intends to seek a sentence of death against Mr. Healy.

Respectfully submitted,

*/s/Thomas Ambrosio*
*/s/Steven Turano*
Thomas Ambrosio
Steven Turano
Attorneys for Michael Healy