**Not for Publication**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

MICHAEL HEALY, *et al.,*

    *Defendant*.

Crim. No. 18-703

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    This matter comes before the Court by way of Defendant Michael Healy's motion to prevent the Government from seeking the death penalty. D.E. 113. The Government filed opposition, D.E. 128, to which Defendant replied, D.E. 130. The Court reviewed the parties' submissions[1] and considered the motion without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). Defendant seeks an order from the Court permanently barring the Government from seeking the death penalty in light of the COVID-19 pandemic, which has allegedly undermined his ability to conduct an adequate mitigation investigation and to have a fair death penalty trial. Defendant primarily points to the Trump administration's mishandling of the pandemic. For the following reasons, Defendant's motion is denied.

    Defendant was charged in a twelve-count Superseding Indictment on June 5, 2019, which included four capital-eligible counts of murder, as well as violations of the Racketeer Influenced

---

[1] Defendant's brief in support of his motion is referred to as "Br." (D.E. 113); the Government's opposition brief is referred to as "Opp." (D.E. 128); and Defendant's reply brief is referred to as "Reply" (D.E. 130).

and Corrupt Organizations ("RICO") Act, firearms offenses, and drug charges. D.E. 26. After the Superseding Indictment was returned, the government sought mitigation submissions from defense counsel, which were due March 30, 2021. Br. at 2. The Government indicates that it is still awaiting Defendant's mitigation submission. Op. at 2.

On February 24, 2021, Defendant filed the present motion. D.E. 113. Defendant argues that the Government should be barred from seeking the death penalty for the murders in the Superseding Indictment because the Trump administration's mismanagement of the COVID-19 pandemic prevented him from conducting an adequate and proper death penalty mitigation investigation. Br. at 2. He continues that his Fifth Amendment right to due process, Sixth Amendment right to effective assistance of counsel, and Eighth Amendment right to be free from cruel and unusual punishment will be violated in the absence of the relief sought. *Id.* at 3.

As a result of the Trump administration's "purposeful mishandling" of the pandemic, Defendant argues that he could be irreparably harmed if certain scenarios should come to pass, such as mitigation witnesses who die from COVID-19, or mitigation witnesses "who g[e]t 'brain fog' from the coronavirus." *Id.* at 8. He further contends that being provided additional time to conduct a mitigation investigation will not prevent irreparable harm because evidence might be permanently lost, obscured, altered, or destroyed during the pandemic. *Id.* at 8-9. Defendant also submits that the ongoing pandemic has, and continues to, prevent his defense team from interviewing witnesses in person. *Id.* at 10-12.

The Government replies that Defendant's arguments are premature because the Government has not yet indicated whether it will seek a sentence of death. Opp. at 3. As a result, it continues, the dispute is not ripe and ruling on the issue now "would be akin to issuing an advisory opinion." *Id.* at 3. The Court agrees. Although Defendant assumes that the Government

will seek the death penalty, Reply at 1, "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Gov't Emps. Ret. Sys. v. Turnbull*, 134 F. App'x 498, 500 (3d Cir. 2005) (alteration in original) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).  Unless and until the Government files a death notice, Defendant's arguments are premature.  *United States v. Breeden*, 366 F.3d 369 (4th Cir. 2004) (affirming a district court's decision to wait on ruling until a death notice was filed because it "avoided the possibility . . . of additional litigation being engendered by a denial of the motion to prohibit followed by the filing of a death notice and a motion to strike" and "allowed for the possibility that the Government would elect not to seek the death penalty"); *United States v. Savage*, No. 07-550-06, 2011 WL 6747479, at *2 (E.D. Pa. Dec. 23, 2011) (finding Defendant's challenge to the imposition of the death penalty premature because the Government had not yet filed a notice of intent pursuant to 18 U.S.C. § 3593").

The Court is not persuaded by Defendant's arguments that he will be irreparably harmed by his inability to conduct a mitigation investigation.  As the Government points out, prior to the pandemic, Defendant's counsel had eight months to begin a mitigation investigation.  Opp. at 2.  And throughout the course of the pandemic, Defendant was able to communicate with counsel through telephone and videoconference.  *Id.*  Nevertheless, if Defendant has been unable to conduct a thorough mitigation investigation, the proper remedy is to provide him additional time to do so.

The Court also rejects Defendant's argument that he is entitled to relief because, hypothetically, mitigation evidence may have been lost as a result of the pandemic.  This point is

3

speculative at best, and Defendant cites no case law to support his position. Should Defendant become aware of a specific evidentiary issue, he is free to raise it with the Court.[2]

For the foregoing reasons, and for good cause shown,

IT IS on this 25th day of August, 2021,

**ORDERED** that Defendant's motion to prevent the Government from seeking the death penalty, D.E. 113, is **DENIED without prejudice**.

_____
John Michael Vazquez, U.S.D.J.

---

[2] In addition, assuming without deciding that the Trump administration did grossly mishandle the pandemic, numerous other thorny legal and factual issues would seemingly persist. For example, Defendant does not address the scope of the federal government's authority to mandate a national response to the pandemic in light of the states' historic power as to matters of health, safety, and welfare. Similarly, Defendant raises factual issues of a very personal nature, such as whether counsel and/or witnesses would feel comfortable meeting in person. These decisions seem to be contingent not only the government's response to the pandemic but also the individuals involved.