

**RECEIVED**

OCT 2 6 2023

AT 8:30 ~~3:32~~ p̶M̶

CLERK, U.S. DISTRICT COURT - DNJ

RLF/SCF/2018R00267

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael E. Farbiarz |
| | : | |
| v. | : | Crim. No. 18-703 (MEF) |
| | : | |
| MICHAEL HEALY, | : | 18 U.S.C. § 922(g)(1) |
| a/k/a "Shady," | : | 18 U.S.C. § 924(c)(1)(A) |
| a/k/a "Porsche," | : | 18 U.S.C. § 924(j)(1) |
| a/k/a "White Boy," and | : | 18 U.S.C. § 1512(k) |
| LEEVANDER WADE, | : | 18 U.S.C. § 1959(a) |
| a/k/a "Van" | : | 18 U.S.C. § 1962(d) |
| | : | 18 U.S.C. § 2 |
| | : | 21 U.S.C. § 846 |

## SECOND SUPERSEDING INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark,

charges:

## COUNT ONE
### (Racketeering Conspiracy)

### The Enterprise

1.     At various times relevant to this Second Superseding Indictment,

in the District of New Jersey, and elsewhere, the defendants, MICHAEL HEALY,

a/k/a "Shady," a/k/a Porsche," a/k/a "White Boy" ("HEALY"), LEEVANDER

WADE, a/k/a "Van" ("WADE"), and others were members and associates of a

criminal organization hereinafter referred to as the "Healy Drug Trafficking

Enterprise" or the "Healy DTE." The Healy DTE, including its leadership,

members, and associates, constituted an enterprise, as defined in Title 18,

United States Code, Section 1961(4) and Title 18, United States Code, Section

1959(b)(2), namely, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

### Overview of the Healy Drug Trafficking Enterprise

2.    While incarcerated in the Maryland state corrections system from approximately 2003 to 2012, HEALY became a member of the Tree Top PIRU set of the Bloods street gang. Originally formed in Compton, California, the Tree Top PIRU gang spread through the Maryland state prison system beginning in the early 2000s. After his release from prison in approximately April 2012, HEALY formed and led the Healy DTE, a large and sophisticated drug distribution organization that obtained, transported, and distributed large amounts of cocaine, heroin, fentanyl, and marihuana (collectively, the "Controlled Substances"). HEALY used his leadership status in the Tree Top PIRU Bloods to assist him with obtaining suppliers, recruiting and controlling enterprise members, and otherwise conducting the Healy DTE's operations.

3.    HEALY used his connections with Tree Top PIRU leadership in California to connect with a supplier who, along with the supplier's associates, provided HEALY and the Healy DTE with the Controlled Substances. The Healy DTE transported multi-kilogram quantities of the Controlled Substances from California to New Jersey. The Healy DTE then processed and repackaged the Controlled Substances at various "stash houses" in New Jersey. The Healy

DTE distributed some of the Controlled Substances in New Jersey, including through Bloods gang members in East Orange.  Given his leadership status in the Bloods, his reputation for violence, and his supply of Controlled Substances, HEALY had authority and influence over two local Bloods gang sets in East Orange: the Mob PIRUs and the Brick City Brims (collectively, the "East Orange Bloods sets").

4.    HEALY, WADE, and other members of the Healy DTE committed and conspired to commit violent acts, including murder, for, among other purposes, the silencing of persons they believed were cooperating with law enforcement against members and associates of the Healy DTE.

**Purposes of the Healy DTE**

5.    The purposes of the Healy DTE included the following:

a.    Enriching the members and associates of the enterprise by, among other things, acts in violation of the laws of the United States and the State of New Jersey involving drug trafficking, murder, money laundering and other criminal offenses;

b.    promoting and enhancing the enterprise and the activities of its members and associates, which activities included, but were not limited to, drug trafficking, murder, money laundering, and other criminal activities;

c.    preserving and protecting the power, territory, reputation, and profits of the enterprise and of its members and associates,  through the use of intimidation, violence, threats of violence, and murder;

      d.     hindering, obstructing, and preventing law enforcement from identifying participants in the enterprise's criminal activity, from apprehending the offenders of those crimes, and from successfully prosecuting and punishing those offenders; and

      e.     threatening or murdering individuals who cooperated (or were believed to have cooperated) with law enforcement against the enterprise.

### Manner and Means of the Enterprise

6.     Among the manner and means by which the defendants and other members and associates of the Healy DTE conducted and participated in the conduct of the affairs of the Healy DTE were the following:

      a.     It was part of the manner and means of the enterprise for the defendants and other members and associates of the Healy DTE to transport or ship multi-kilogram quantities of the Controlled Substances they obtained in California to New Jersey by various means, including private aircraft, vehicles with hidden secret compartments, and the United States mail and commercial package services.

      b.     It was further part of the manner and means of the enterprise that members and associates of the Healy DTE used "stash houses" controlled by the Healy DTE to process, package, store, and conceal Controlled Substances, firearms, and drug proceeds, including a residence on Ampere Parkway in Bloomfield, New Jersey (the "Ampere Parkway Residence"); an apartment on Halsey Street, in Newark, New Jersey (the "Halsey Street

4

Apartment"); and an apartment on Ellington Street in East Orange, New Jersey (the "Ellington Street Apartment").

c.     It was further part of the manner and means of the enterprise that members and associates of the Healy DTE operating at the Ellington Street Apartment and elsewhere would test the heroin coming from California to determine whether the heroin was of sufficient quality before packaging and distributing it.

d.     It was further part of the manner and means of the enterprise that members and associates of the Healy DTE would use vehicles with specially designed secret compartments, commonly known as "traps," to conceal and transport illegal narcotics, narcotics proceeds, and firearms, including a white Lincoln Navigator (the "Navigator"), a blue Nissan (the "blue Nissan"), and a red/burgundy Porsche (the "Porsche").

e.     It was further part of the manner and means of the enterprise that members and associates of the Healy DTE shipped large amounts of United States Currency out of New Jersey to pay suppliers in California.

f.     It was part of the manner and means of the enterprise that the defendants and other members and associates of the Healy DTE committed acts of intimidation and violence, including murder, against members and associates of the Healy DTE to silence enterprise members or associates who were believed to be cooperating with law enforcement.  In an effort to silence Healy DTE associate A.S., who HEALY believed was cooperating with law

enforcement, HEALY enlisted members of the East Orange Bloods sets to shoot and kill A.S. Those Bloods gang members instead shot and killed Victim-1 outside of the Ampere Parkway residence, believing that Victim-1 was A.S. After realizing that they had killed the wrong person, HEALY again ordered the Bloods gang members to go kill A.S. Approximately one month later, the Bloods gang members shot and killed A.S. in Bloomfield, New Jersey. Approximately one month after A.S. was murdered, believing that Healy DTE associate J.C. might also be cooperating with law enforcement, HEALY and WADE shot and killed J.C.

       g.    It was further part of the manner and means of the enterprise that members and associates of the Healy DTE carried and had immediate access to firearms in order to protect themselves, the Controlled Substances, and their illegal proceeds, and to threaten others in furtherance of the interests of the enterprise.

       h.    It was further part of the manner and means of the enterprise that members and associates of the Healy DTE used social media platforms, including Instagram, to intimidate witnesses and other members of the community, and to advance the reputation of the Healy DTE for violence and drug trafficking.

<strong><u>Members and Associates of the Enterprise</u></strong>

       7.    HEALY was the founder and leader of the Healy DTE. As such, HEALY directed and controlled all aspects of the Healy DTE. Among other things, HEALY: (a) supervised the purchase, transport, and distribution of the

6

Controlled Substances; (b) supervised the collection, transport, and laundering of the proceeds of the Healy DTE's drug sales; and (c) committed, and directed others to commit, acts of violence against, among others, persons HEALY believed were cooperating with law enforcement.

8.      WADE was a member of the Healy DTE who operated "stash" locations for the purpose of packaging and distributing kilogram-quantities of heroin for distribution.  WADE also acted as a liaison between HEALY and the East Orange Bloods sets.  WADE's relationship with members of the East Orange Bloods sets helped facilitate HEALY's use of those gang members to carry out murders against fellow Healy DTE associates who HEALY knew or suspected were cooperating with law enforcement.  WADE also aided HEALY in the murder of J.C.

9.      A.S. was a member and associate of the Healy DTE, who, among other things, traveled from New Jersey to California to oversee the packaging of the Controlled Substances for transportation to New Jersey.  A.S. provided information and assistance to Federal law enforcement agents from the Drug Enforcement Administration ("DEA") in connection with an investigation into the narcotics-trafficking activities of the Healy DTE.  Among other information that A.S. conveyed to the DEA in November 2017, A.S. stated that HEALY had received 18 kilograms of cocaine, heroin, and fentanyl from California in or around late October 2017.

10.     By in or around January 2018, HEALY suspected that A.S. was providing information to law enforcement about the Healy DTE.  After co-

conspirator M.R. was arrested in Illinois on February 1, 2018 while transporting the Controlled Substances for the Healy DTE, HEALY believed that A.S. had provided law enforcement with information that led to M.R.'s arrest. HEALY then devised a plan to prevent A.S. from further cooperation with law enforcement. Facilitated by WADE's connection to members of the East Orange Bloods sets—and relying on his leadership position within the Bloods gang—HEALY agreed with other conspirators to murder co-conspirator A.S. Two days later, on February 3, 2018, Victim-1—who was mistakenly believed to be A.S. at the time of the shooting—was shot and killed in front of the Ampere Parkway residence where A.S. resided. Thereafter, A.S. was shot and killed on March 12, 2018, after HEALY demanded that the conspirators "finish the job" of killing A.S.

11.    J.C. was a member and associate of the Healy DTE who aided HEALY and A.S. in the packaging and distribution of the Controlled Substances. HEALY, with the help of WADE, murdered J.C. on April 6, 2018 because HEALY believed J.C., a close associate of previously murdered A.S., might also be cooperating with law enforcement.

12.    Co-conspirator M.D. was a member of the Healy DTE who transported the Controlled Substances for distribution, including to areas in Maryland, and transported drug proceeds to New York for ultimate payment to the California drug suppliers.

13.    Co-conspirator M.R. was a member of the Healy DTE who managed the Healy DTE's California operation, including arranging for the procurement

8

of the Controlled Substances and the transportation of the Controlled

Substances from California to New Jersey.

## The Charge

14.    Beginning at least in or around 2013, and continuing through at

least in or around January 2019, in the District of New Jersey, and elsewhere,

the defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "White Boy," and
LEEVANDER WADE,
a/k/a "Van,"

together with others, each being a person employed by and associated with the

Healy DTE, an enterprise engaged in, and the activities of which affected,

interstate and foreign commerce, knowingly and intentionally conspired and

agreed with each other and others to violate Title 18, United States Code,

Section 1962(c), that is, to conduct and participate, directly and indirectly, in

the conduct of the affairs of the Healy DTE through a pattern of racketeering

activity, as defined in Title 18, United States Code, Sections 1961(1) and (5),

which pattern of racketeering activity consisted of:

a.    multiple acts involving murder, contrary to N.J.S.A. 2C:11-3

and 2C:2-6;

b.    multiple acts indictable under Title 18, United States Code,

Section 1952 (interstate travel and transportation in aid of racketeering

enterprises);

  c.  multiple acts indictable under Title 18, United States Code, Section 1512 (tampering with a witness, victim, or an informant);

  d.  multiple acts indictable under Title 18, United States Code, Sections 1956 (Laundering of Monetary Instruments) and 1957 (Engaging in Monetary Transactions in Property Derived From Unlawful Activity); and

  e.  multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in controlled substances punishable under the laws of the United States, in violation of Title 21, United States Code, Section 846 (conspiracy to distribute and possess with intent to distribute controlled substances), Section 841 (distribution and possession with intent to distribute controlled substances), and Section 843(b) (use of a communications facility to violate the Controlled Substances Act).

  15. It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

<u>NOTICE OF SPECIAL SENTENCING FACTORS REGARDING COUNT ONE</u>

1.      On or about February 3, 2018, in Essex County, in the District of New Jersey, and elsewhere, the defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "White Boy," and
LEEVANDER WADE,
a/k/a "Van,"

did knowingly and purposely cause the death and serious bodily injury resulting in death of another person, namely, Victim-1, contrary to N.J.S.A. 2C:11-3 and 2C:2-6.

2.      On or about March 12, 2018, in Essex County, in the District of New Jersey, and elsewhere, the defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "White Boy," and
LEEVANDER WADE,
a/k/a "Van,"

did knowingly and purposely cause the death and serious bodily injury resulting in death of another person, namely, A.S., contrary to N.J.S.A. 2C:11-3 and 2C:2-6.

3.      On or about March 12, 2018, in Essex County, in the District of New Jersey, and elsewhere, the defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "White Boy," and
LEEVANDER WADE,

a/k/a "Van,"

did knowingly and willfully conspire and agree with each other and others to kill another person, namely, A.S., with intent to prevent the communication by A.S. to a law enforcement officer of the United States of information relating to the commission and possible commission of a Federal offense, namely the conspiracy to distribute controlled substances pursuant to Title 21, United States Code, Section 846 as charged in this Second Superseding Indictment, which killing is a murder as defined in Title 18, United States Code, Section 1111(a), in that in furtherance of the conspiracy, a co-conspirator did unlawfully kill A.S. willfully, deliberately, maliciously, and with premeditation, contrary to Title 18, United States Code, Sections 1512(a)(1)(C) and (a)(3)(A), in violation of Title 18, United States Code, Section 1512(k).

4.      On or about April 6, 2018, in Essex County, in the District of New Jersey, and elsewhere, the defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "White Boy," and
LEEVANDER WADE,
"a/k/a "Van,"

did knowingly and purposely cause the death and serious bodily injury resulting in death of another person, namely, J.C., contrary to N.J.S.A. 2C:11-3 and 2C:2-6.

12

5.    From in or around January 2013 through in or around January 2019, in Essex County, in the District of New Jersey, and elsewhere, the defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "White Boy," and
LEEVANDER WADE,
a/k/a "Van,"

did knowingly and intentionally conspire and agree with others to distribute and to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and 1,000 kilograms or more of a mixture and substance containing a detectable amount of marihuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (B)(1)(A), in violation of Title 21, United States Code, Section 846.

All in violation of Title 18, United States Code, Section 1962(d).

## COUNT TWO
### (Murder in Aid of Racketeering)

1.      The allegations contained in Paragraphs One through Thirteen of Count One of this Second Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

2.      At all times relevant to this Second Superseding Indictment, the Healy DTE, the above-described enterprise, through its leaders, members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is:

a.      multiple acts involving murder, contrary to N.J.S.A. 2C:11-3 and 2C:2-6;

b.      multiple acts indictable under Title 18, United States Code, Section 1952 (interstate travel and transportation in aid of racketeering enterprises);

c.      multiple acts indictable under Title 18, United States Code, Section 1512 (tampering with a witness, victim, or an informant);

d.      multiple acts indictable under Title 18, United States Code, Sections 1956 (Laundering of Monetary Instruments) and 1957 (Engaging in Monetary Transactions in Property Derived From Unlawful Activity); and

e.      multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in controlled substances punishable under the laws of the United States, in violation of Title 21, United States Code, Section 846 (conspiracy to distribute

14

and possess with intent to distribute controlled substances), Section 841 (distribution and possession with intent to distribute controlled substances), and Section 843(b) (use of a communications facility to violate the Controlled Substances Act).

3.    On or about February 3, 2018, in Essex County, in the District of New Jersey, and elsewhere, the defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "White Boy," and
LEEVANDER WADE,
a/k/a "Van,"

as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Healy DTE and for the purpose of gaining entrance to, and maintaining and increasing position in, the Healy DTE, an enterprise engaged in racketeering activity, did knowingly and purposely murder Victim-1, contrary to N.J.S.A. 2C:11-3 and 2C:2-6, and did aid and abet the same.

In violation of Title 18, United States Code, Section 1959(a)(1) and Section 2.

15

## COUNT THREE
### (Using and Carrying of a Firearm During and in Relation to a Crime of Violence)

On or about February 3, 2018, in Essex County, in the District of New Jersey, and elsewhere, the defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "White Boy," and
LEEVANDER WADE,
a/k/a "Van,"

during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, the murder of Victim-1, in violation of Title 18, United States Code, Section 1959(a)(1) and Section 2, as charged in Count Two of this Second Superseding Indictment, did knowingly use and carry firearms, which firearms were discharged, and did aid and abet the same.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii) and Section 2.

## COUNT FOUR
### (Causing Death Through Use of a Firearm)

On or about February 3, 2018, in Essex County, in the District of New Jersey, and elsewhere, the defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "White Boy," and
LEEVANDER WADE,
a/k/a "Van,"

in the course of a violation of Title 18, United States Code, Section 924(c), as charged in Count Three of this Second Superseding Indictment, did knowingly and purposely cause the death of Victim-1 through the use of a firearm, and did aid and abet the same and such killing was murder as defined in 18 U.S.C. Section 1111.

In violation of Title 18, United States Code, Section 924(j)(1) and Section 2.

17

## COUNT FIVE
### (Murder in Aid of Racketeering)

1.     The allegations contained in Paragraphs One through Thirteen of Count One and Paragraph Two of Count Two of this Second Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

2.     On or about March 12, 2018, in Essex County, in the District of New Jersey, and elsewhere, the defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "White Boy," and
LEEVANDER WADE,
a/k/a "Van,"

as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Healy DTE, and for the purpose of gaining entrance to, and maintaining and increasing position in, the Healy DTE, an enterprise engaged in racketeering activity, did knowingly and purposely murder A.S., contrary to N.J.S.A. 2C:11-3 and 2C:2-6, and did aid and abet the same.

In violation of Title 18, United States Code, Section 1959(a)(1) and Section 2.

## COUNT SIX
### (Conspiracy to Murder a Federal Witness)

1.    The allegations contained in Paragraphs One through Thirteen of Count One of this Second Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

2.    From in or around October 2017 through on or about March 12, 2018, in Essex County, in the District of New Jersey and elsewhere, the defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "White Boy," and
LEEVANDER WADE,
a/k/a "Van,"

did knowingly and intentionally conspire and agree with each other and others to kill another person, namely, A.S., with intent to prevent the communication by A.S. to a law enforcement officer of the United States of information relating to the commission and possible commission of a Federal offense, namely the conspiracy to distribute controlled substances pursuant to Title 21, United States Code, Section 846 as charged in this Second Superseding Indictment, which killing is a murder as defined in Title 18, United States Code, Section 1111(a), in that in furtherance of the conspiracy, a conspirator did unlawfully kill A.S. willfully, deliberately, maliciously, and with premeditation, contrary to Title 18, United States Code, Sections 1512(a)(1)(C) and (a)(3)(A).

In violation of Title 18, United States Code, Section 1512(k).

## COUNT SEVEN
### (Using and Carrying Firearms During and in Relation to a Crime of Violence)

On or about March 12, 2018, in Essex County, in the District of New Jersey, and elsewhere, the defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "White Boy," and
LEEVANDER WADE,
a/k/a "Van,"

during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, the murder of A.S., as charged in Count Five of this Second Superseding Indictment, did knowingly use and carry firearms, which firearms were discharged, and did aid and abet the same.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii) and Section 2.

**COUNT EIGHT**
**(Causing Death Through Use of a Firearm)**

On or about March 12, 2018, in Essex County, in the District of New Jersey, and elsewhere, the defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "White Boy," and
LEEVANDER WADE,
a/k/a "Van,"

in the course of a violation of Title 18, United States Code, Section 924(c), as charged in Count Seven of this Second Superseding Indictment, did knowingly and purposely cause the death of A.S. through the use of a firearm, and did aid and abet the same and such killing was murder as defined in 18 U.S.C. Section 1111 .

In violation of Title 18, United States Code, Section 924(j)(1) and Section 2.

21

## COUNT NINE
### (Murder in Aid of Racketeering)

1.     The allegations contained in Paragraphs One through Thirteen of Count One and Paragraph Two of Count Two of this Second Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

2.     On or about April 6, 2018, in Essex County, in the District of New Jersey, and elsewhere, the defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "White Boy," and
LEEVANDER WADE,
a/k/a "Van,"

as consideration for the receipt of, and as a consideration for a promise and agreement to pay, anything of pecuniary value from the Healy DTE, and for the purpose of gaining entrance to, and maintaining and increasing position in, the Healy DTE, an enterprise engaged in racketeering activity, did knowingly and purposely murder J.C., contrary to N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), and 2C:2-6, and did aid and abet the same.

In violation of Title 18, United States Code, Section 1959(a)(1) and Section 2.

## COUNT TEN
### (Using and Carrying of a Firearm During and in Relation to a Crime of Violence)

On or about April 6, 2018, in Essex County, in the District of New Jersey, and elsewhere, the defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "White Boy," and
LEEVANDER WADE,
a/k/a "Van,"

during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, the murder of J.C., as charged in Count Nine of this Second Superseding Indictment, did knowingly use and carry a firearm, which firearm was discharged, and did aid and abet the same.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii) and Section 2

## **COUNT ELEVEN**
### **(Causing Death Through Use of a Firearm)**

On or about April 6, 2018, in Essex County, in the District of New Jersey, and elsewhere, the defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "White Boy," and
LEEVANDER WADE,
a/k/a "Van,"

in the course of a violation of Title 18, United States Code, Section 924(c), as charged in Count Ten of this Second Superseding Indictment, did knowingly and purposely cause the death of J.C. through the use of a firearm, and did aid and abet the same and such killing was murder as defined in 18 U.S.C. Section 1111.

In violation of Title 18, United States Code, Section 924(j)(1) and Section 2.

## COUNT TWELVE
### (Unlawful Possession of a Firearm)

In or around May 2018, in Essex County, in the District of New

Jersey, and elsewhere, the defendant,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "White Boy,"

knowing that he had previously been convicted of a crime punishable by

imprisonment for a term exceeding one year, did knowingly possess a firearm,

namely, a Smith & Wesson Model M&P 15 .556 caliber rifle, bearing serial

number SV77280, and the firearm was in and affecting interstate commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

**COUNT THIRTEEN**
**(Conspiracy to Distribute Controlled Substances)**

From at least as early as in or around January 2013 through in or around January 2019, in Essex County, in the District of New Jersey and elsewhere, the defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "White Boy," and
LEEVANDER WADE,
a/k/a "Van,"

did knowingly and intentionally conspire and agree with each other and others to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and 1,000 kilograms or more of a mixture and substance containing a detectable amount of marihuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

In violation of Title 21, United States Code, Section 846.

## FORFEITURE ALLEGATION ONE

1.    The allegations contained in Count One of this Second Superseding Indictment are hereby realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture.

2.    Pursuant to Title 18, United States Code, Section 1963, upon conviction of the offense in violation of Title 18, United States Code, Section 1962 as charged in Count One of this Second Superseding Indictment, the defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "White Boy," and
LEEVANDER WADE,
a/k/a "Van,"

shall forfeit to the United States of America:

(a)    any interest acquired or maintained in violation of section 1962;

(b)    any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendants established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962; and

(c)    any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of 1962.

27

## FORFEITURE ALLEGATION TWO

1.      The allegations contained in Counts Three, Four, Seven, Eight, Ten, Eleven, and Twelve of this Second Superseding Indictment are incorporated by reference as though set forth in full herein for the purpose of alleging forfeiture.

2.      Pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), upon conviction of the offenses set forth in Counts Three, Four, Seven, Eight, Ten, Eleven, and Twelve of this Second Superseding Indictment, the defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "White Boy," and
LEEVANDER WADE,
a/k/a "Van,"

shall forfeit to the United States of America any firearms and ammunition involved in or used in the commission of those offenses, including, but not limited to, the following:

(a)      one Smith & Wesson Model M&P 15 .556 caliber rifle, bearing serial number SV77280; and

(b)      one Luger 9mm handgun, bearing serial number FXE2289.

## FORFEITURE ALLEGATION THREE

As a result of committing the controlled substance offense alleged in Count Thirteen of this Second Superseding Indictment, the defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "White Boy," and
LEEVANDER WADE,
a/k/a "Van,"

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count Thirteen of this Second Superseding Indictment.

## **Substitute Assets Provision**
### **(Applicable to all Forfeiture Allegations)**

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third person;

(c)    has been placed beyond the jurisdiction of the Court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant(s) up to the value of the above forfeitable property.

A TRUE BILL

Foreperson

*Philip R. Sellinger*
PHILIP R. SELLINGER
United States Attorney

30

CASE NUMBER: <u>18-703</u>

**United States District Court
District of New Jersey**

**UNITED STATES OF AMERICA**

**v.**

**MICHAEL HEALY,**
**a/k/a "Shady,"**
**a/k/a "Porsche,"**
**a/k/a "White Boy," and**
**LEEVANDER WADE,**
**a/k/a "Van,"**

**SECOND SUPERSEDING INDICTMENT FOR**

18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 924(j)(1)
18 U.S.C. § 1512(k)
18 U.S.C. § 1959(a)
18 U.S.C. § 1962(d)
18 U.S.C. § 2
21 U.S.C. § 846

A True Bill

████████████████████
**Foreperson**

*PHILIP R. SELLINGER*
*UNITED STATES ATTORNEY*
*FOR THE DISTRICT OF NEW JERSEY*

ROBERT FRAZER/SAMANTHA C. FASANELLO
*ASSISTANT U.S. ATTORNEYS*
*NEWARK, NEW JERSEY*