**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| United States of America,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>Michael Healy, et al.,<br><br>　　　　*Defendants*. | Criminal Action No. 18-703 (MEF)<br><br>**ORDER** |

Trial in the captioned matter is scheduled to begin in early March.

The Court is considering using the following two-part method for selecting jurors.

<u>First</u>, 30 prospective jurors will each be handed a short written questionnaire. The questionnaire will call for "yes" and "no" answers. It will be prepared by the Court based on input from the parties.

It will include questions of the sort that are often directly relevant to a "for cause" determination.

For example, the questionnaire will likely ask whether a juror: (1) knows the parties, lawyers, and witnesses, (2) is personally familiar with relevant locations, (3) has been a victim of violent crime, (4) works in law enforcement, (5) can understand the proceedings, and (6) has work or personal commitments that make it impossible for the prospective juror to be present for the trial.

"Yes" answers will suggest a possible cause issue.

"No" answers will suggest there is no possible cause issue.

The prospective jurors will receive and fill out the questionnaire in the courthouse.

Copies of each filled-out questionnaire will be made by the United States and then provided to each party and to the Court.

The Court will then discuss each prospective juror's "yes" answers with them, at sidebar or in the robing room.  This will be on the record and with lawyers for each party present.

The Court will address the prospective juror, not the lawyers.

After going through the above process as to each prospective juror, the 30 prospective jurors will be temporarily excused from the courtroom.

In open court, with the defendants present, the Court will then determine which of the 30 prospective jurors are to be removed for cause.

The lawyers will be permitted to be heard before the Court issues any rulings as to "for cause" removals.

The process described above will be used as many times as it takes to qualify 75 prospective jurors.

In the <u>second</u> step, all 75 of the qualified prospective jurors will be brought into the courtroom.  Of these, 20 will be randomly seated in the jury box area.

The Court will ask each of the 20 qualified prospective jurors the same 10-12 questions.  These 10-12 questions will have been prepared by the Court based on input from the parties.

These questions will be of the sort that are often directly relevant to the parties' exercise of their peremptory challenges.

For example, such questions might focus on (1) what a prospective juror's profession is, (2) how far they got in school, (3) what magazines or websites a prospective juror regularly reads, and (4) what a prospective juror's hobbies are.

After the jurors provide their answers, each party will then be permitted to exercise a certain number of peremptory challenges (for example: 1 each).

Prospective jurors who are removed will be excused and leave the courtroom.

New prospective jurors, drawn from among the 75, will then be added into the jury box.

The newly-seated prospective jurors will be asked the same 10-12 questions.

The parties will again be permitted to exercise peremptory challenges, as to any prospective juror in the jury box.

This process will repeat itself until each party has used up all of its preemptory challenges, or has indicated it does not wish to use any more challenges.

At that point, from among the prospective jurors still remaining in the jury box, the Court will randomly select 12 of the prospective jurors as jurors and 4 as alternates.

\*   \*   \*

Each party shall submit a letter of no more than three single-spaced pages, on or before February 2, 2024, that indicates, with specificity, whether any aspect of the above process would violate the Constitution or laws of the United States, or the Federal Rules of Criminal Procedure.

In addition, each party shall submit a letter of no more than two single-spaced pages, on or before February 5, 2024, that indicates, with specificity, whether any aspect of the above process should be modified to advance the values articulated in Rule 2 of the Federal Rules of Criminal Procedure.

Responses to the February 2 and 3 letters shall be filed on or before February 8 and 9, respectively, and may be no more than two single-spaced pages.

IT IS on this 22nd day of January, 2024, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.