# TURANO LAW

275 Madison Avenue
35th Floor
New York, NY 10016

Tel (917) 594-5666
Fax (917) 594-5667

60 Park Place
Suite 1101
Newark, NJ 07102

Tel (973) 648-6777
Fax (917) 594-5667

February 26, 2024

<u>Via ECF & Email</u>
Honorable Michael E. Farbiarz
United States District Court
Frank R. Lautenberg Post Office & U.S. Courthouse
2 Federal Square
Newark, New Jersey 07102

    Re:   *United States v. Michael Healy,*
             Crim. No. 18-703

Dear Judge Farbiarz,

    Please accept this letter brief as Michael Healy's objections to the Government's motions *in limine*. (ECF No. 244.) Mr. Healy objects to the Government's use of his prior convictions as impeachment evidence because those convictions are more than ten years old and are irrelevant. He also objects to the government's open-ended request to introduce statements made by a deceased declarant based on forfeiture by wrongdoing.

    **I.**    **The Court should forbid the Government from using Mr. Healy's prior convictions as impeachment evidence because they are too remote.**

    The Government identified two convictions it seeks to introduce to impeach Mr. Healy if he testifies. (ECF No. 244, pp. 8-11.) The Government supports its request with an exposition of Rule 609 that mentions everything except the

1

relevant issue: time. Indeed, too much time has elapsed, and Mr. Healy's convictions are inadmissible.

The Government seeks permission to admit two prior convictions to attack Mr. Healy's credibility. *Id.* at p. 8. First, it wants to use a 2004 conviction for robbery with a dangerous weapon, in violation of Maryland Code, Criminal Law, § 3-403. *Id.* Mr. Healy was released from confinement for that offense in 2012. *Id.* Second, the government seeks to use a conviction from 2003 for unlawful possession of a weapon, in violation of N.J.S. 2C:39-5(b). Mr. Healy received a sentence of five years of probation for the conviction. *Id.*

Rule of Evidence 609 governs a party's ability "to attack[] a witness's character for truthfulness by evidence of a crime conviction[.]" Fed. R. Evid. 609(a). Subsection (a) sets forth certain elements the prior conviction must contain before it may be admitted. *See* Fed. R. Evid. 609(a)(1) to (2). But subsection (a) governs prior convictions only if less than 10 years have passed since the testifying witness was released from confinement. Subsection (b) controls "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b). For such an old conviction to be admissible to impeach a witness, the conviction's "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect[.]" Fed. R. Evid. 609(b)(1).[1]

Here, Mr. Healy's convictions are more than ten years old. Rule 609 makes clear that the ten-year clock begins to run when "the witness's conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b); *see also United States v. Daniel*, 957 F.2d 162, 168 (5th Cir. 1992) (holding that probation or parole is not relevant to Rule 609's 10-year calculation). The Rule does not state when the clock stops. But, according to the Third Circuit, it stops when the trial begins. *See United States v. Williams*, 892 F.2d 296, 301 (3d Cir. 1989) ("Federal Rule of Evidence 609(b) prohibits impeachment based on convictions for which the witness was confined and released more than ten years prior to trial."), *superseded by statute on other grounds as indicated in Stinson v. United States*, 508 U.S. 36, 39 n.1 (1993); *see also United States v. Thomas*, 815 Fed. App'x. 671, 677 (3d Cir. 2020) (noting that Third Circuit precedent stops the clock when trial begins).

---

[1] Subsection (b) also requires the proponent to given "reasonable written notice of the intent to use" the conviction. Fed. R. Evid. 609(b)(2). The government complied with this subsection by filing its motion *in limine*.

Here, Mr. Healy's trial will begin in March 2024, eleven years after Mr. Healy received probation for his firearms violation in New Jersey and two years after he was released from confinement in Maryland. As such, the convictions are admissible only if their "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect[.]" *See* Fed. R. Evid. 609(b)(1).

The Government analyzes these convictions under Rule 609(a). (ECF No. 244, pp. 9-10.) It argues that Mr. "Healy's 2003 gun conviction and 2004 armed robbery convictions were entered within ten years of the commencement of the conspiracy timeframe." (ECF No. 244, p. 9.) Significantly, it offers no legal basis for believing that "the commencement of the conspiracy timeframe" is relevant to the issue. It does not provide any case-specific facts or circumstances that favor allowing it to use these convictions under Rule 609. And, without offering any reason to support admission, the Government cannot carry its burden. *See United States v. Caldwell*, 760 F.3d 267, 288 (3d Cir. 2014) (placing burden on government to prove why prior conviction should be admitted under Rule 609).

Accordingly, the Court must deny the Government's motion to impeach him with his prior convictions.

## II. This Court should not give the Government *carte blanche* authority to use a decedent's prior statements based on the forfeiture by wrongdoing rule.

The Government seeks permission to "conditionally admit A.S.'s out-of-court statements, subject to proof at trial establishing the applicability of the forfeiture by wrongdoing exception codified in Rule 804(b)(6)." (ECF No. 244, p. 5.) The Court should deny this request because the Government has not identified the statements it intends to admit under the forfeiture by wrongdoing exception and how it intends to introduce AS's alleged statements at trial to overcome other potential hearsay impediments.

Under Federal Rule of Evidence 804, a statement is not excluded by hearsay if it is "offered against a party that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result." Fed. R. Evid. 804(b)(6). This rule codifies the common law forfeiture by wrongdoing doctrine. *Giles v. California*, 554 U.S. 353, 367 (2008). In *Giles,* the Supreme Court held that the rule-based doctrine does not violate the Sixth Amendment's right to confrontation. *Id.* at 368.

3

The Government has the burden under Rule 804 to "show (1) that the defendant engaged or acquiesced in wrongdoing, (2) that the wrongdoing was intended to procure the declarant's unavailability, and (3) that the wrongdoing did procure the unavailability." *United States v. Baskerville*, 448 F.App'x 243, 250 n.5 (3d Cir. 2011) (quoting *United States v. Scott*, 284 F.3d 758 762 (7th Cir 2002.)

The Government argues that it must establish those elements by a preponderance of the evidence. (ECF No. 244, p. 3.) But the burden of proof is not so clear. Before the Federal Rules of Evidence were promulgated, the Fifth Circuit was convinced that the right to confrontation was of such importance that the government must meet a clear-and-convincing-evidence standard. *See United States v. Thevis*, 665 F.2d 616, 631 (5th Cir. 1982). That view was not limited to just the Fifth Circuit. New York's Court of Appeals also held that for the admission of evidence under the doctrine of forfeiture by wrongdoing, given the liberty interests at stake, the prosecution must establish the elements by clear and convincing evidence in criminal cases. *See People v. Geraci*, 649, N.E.2d 817, 821-22 (N.Y. 1995).

The Fifth Circuit has acknowledged that Federal Rule of Evidence 804(b)(6) overruled *Thevis* and imposed the preponderance-of-the-evidence standard for evidentiary questions. *United States v. Nelson*, 242 Fed. App'x 164, 170-71 (5th Cir. 2007). But the Court suggested that the lesser standard of proof might not apply to constitutional issues, such as the confrontation clause. *Id.* at 171 n.2. Mr. Healy's confrontation rights are likely the root issues in this case.

In addition, the Government has not identified which statements it intends to introduce under the forfeiture-by-wrongdoing doctrine. The pretrial discovery and the Government's Jencks production did not indicate which statements might be utilized. Indeed, the Government's production offers potential statements that A.S. made to an agent with the Drug Enforcement Administration (DEA), but that DEA agent is not identified. Instead, the government identified an agent with the Federal Bureau of Investigation (FBI) who debriefed the unnamed DEA agent. The DEA agent chose not to record his conversations with A.S., but instead paraphrased the conversations in reports. Th Government, without even attempting to establish a shred of reliability to AS's statements, appears to be seeking permission to introduce evidence through <u>two</u> layers of hearsay based on a DEA agent's notes, when a recording was clearly possible.

Admitting the evidence with a jury instruction will not protect Mr. Healy from the resultant unfair prejudice. "Although there are cases where the strongest

4

of curative instructions remains insufficient to 'unring' the bell[,]" *United States v. Vaulin*, 132 F.3d 898, 901 (3d Cir. 1997), this is not such a case. The Government intends to prove its case with unidentified evidence that will violate Mr. Healy's cherished right to confront his accuser. There is no reason to assume that this evidence is reliable. Especially given that Mr. Healy is facing lifetime imprisonment, the defense respectfully requests that the Court deny the Government's request to admit AS's statements at trial.

                                              Respectfully submitted,

                                              /s/ Stephen Turano
                                              /s/ Thomas Ambrosio

                                              Stephen Turano, Esq.
                                              Thomas Ambrosio, Esq.
                                              *Counsel for Michael Healy*

cc: Robert Frazer, AUSA (by email and ECF)
    Samantha Fasanello, AUSA (by email and ECF)