# TURANO LAW

275 Madison Avenue
35th Floor
New York, NY 10016

Tel (917) 594-5666
Fax (917) 594-5667

60 Park Place
Suite 1101
Newark, NJ 07102

Tel (973) 648-6777
Fax (917) 594-5667

March 17, 2024

The Honorable Michael E. Farbiarz
United States District Judge
United States Courthouse and Post Office
50 Walnut Street
Newark, New Jersey 07102

    Re:    United States v. Michael Healy
               Crim. No: 18-703 (JMV)

Judge Farbiarz:

      The Jencks materials produced for Officer Weeks of the Ohio State Highway Patrol included a statement that Jose Nunez admitted that he delivered narcotics to someone in Harrisburg Pennsylvania. According to AUSA Robert Frazer, the government received a report in the past week or two, presumably after the trial started, from an officer from the Department of Homeland Security ("HSI"), which contains a statement attributed to Nunez, stating that he transported cocaine and fentanyl to New Jersey. Defense counsel was not provided a copy of the HIS report until <u>after</u> Officer Weeks testified.

      During his direct, however, Mr. Frazer asked about statements made by Mr. Nunez to Officer Weeks. We did not object on the basis of hearsay because we believed the only possible response would be Harrisburg. Instead, Officer Weeks testified that Nunez told a Department of Homeland Security Agent that the drugs were delivered to Newark, New Jersey.[1] The basis of this information was Nunez's hearsay statement to another officer from a different law-enforcement agency. Here is the relevant portion of the testimony:

      Q:    So before you said that Mr. Nunez claimed to be going to

---

[1] Making matters worse, Officer Weeks's testimony was inaccurate. The HIS report contained two attributions to Nunez: the destination of the drugs was "New Jersey," it made no mention of Newark (HIS at 1); and, without explanation as to the conflicting statements, the report subsequently stated that Nunez admitted that the drugs were "delivered in a briefcase to someone in Harrisburg, Pa. *Id*. at 4.

> California to visit a sick relative. And you said that turned out not to be true.
>
> A:    Right.
>
> Q:    **Did he tell you** where he really had been and where he was going?
>
> A:    He did. He had told investigators that he had traveled to **Newark, New Jersey, and brought a briefcase** of fentanyl with him and that the money he was bringing back was his payment money for that trip.

*See* Trial Transcript dated March 14, 2024 at 510 (emphasis added).

Notwithstanding that Officer Weeks's statement was false and counsel had no ability to confront him on cross, the government's attempt to elicit from Officer Weeks a statement Nunez made to an officer from a different agency (Department of Homeland Security ("DHS")) was improper and extremely prejudicial to Mr. Healy. Nunez's statements corroborated the government's corroborating witness, Brian Miranda. Defense counsel made a tactical decision not to object to Nunez's hearsay statement to Officer Weeks because his statements placed him in Harrisburg, PA, a location that has no connection with the defendant Healy. If defense counsel had been provided with the Jencks material in which Nunez stated he had delivered fentanyl to Newark, we would have raised that issue with the government and, if necessary, to the Court prior to his testimony.

First, defense counsel was not provided the relevant Jencks material. We contend that the government not only failed to produce the HIS report, it further violated its Jencks obligations by failing to turn over a report (either prosecutor's or case agents' notes or a 302) of the government's preparation session with Officer Weeks leading up to his trial testimony. Had we been provided with the HIS report, we would have elected to make a timely objection based on hearsay.

Second, Nunez's statement to law enforcement was hearsay. It was offered for the truth and it was not admissible as a statement of a coconspirator under Rule of Evidence 801(D)(2)(e). For a statement of a coconspirator to be admissible under Rule 801(D)(2)(e), it must be made ***in furtherance of the conspiracy.*** *See United States v. Provenzano*, 620 F.2d 985 (3d Cir. 1980) (statements inadmissible under the coconspirator exception because they "had been made to non-members of the conspiracy who had no need to know about the matters disclosed"). Here, Nunez's statements did not further the conspiracy; indeed, his admissions likely impeded the conspiracy by giving a historical narrative of the conspiracy to law enforcement. *See United States v. Ammar*, 714 F.2d 238, 252 (3d Cir. 1983) (statements that were "mere narratives" of past events are not admissible as statements of coconspirators).

In addition, admitting Nunez's statement to law enforcement violated Mr. Healy's confrontation rights under *Crawford v. Washington*, 541 U.S. 36 (2004). The Crawford Court

specifically held that statements made in response "to police interrogations" are inadmissible unless the declarant is subject to cross examination. *Id.* at 68; *see also United States v. Hinton*, 423 F.3d 355, 360-61 (3d Cir. 2005) (witness identification of suspect to police officers was "testimonial" and inadmissible unless declarant was subject to cross examination). Here, Mr. Nunez's statements were made to members of law enforcement conducting an investigation. Permitting the jury to consider these statements without Mr. Nunez submitting to cross-examination violated Mr. Healy's right to confront his accuser, in violation of the Sixth Amendment.

Finally, Officer Weeks's statement was double hearsay. Not only did it contain Nunez's hearsay statement, it also called for the out-of-court statement of a second officer, whom defense counsel had not received notice.

We believe Officer Weeks's testimony on this issue requires a mistrial. In the alternative, we ask the Court to offer a curative statement that strikes the relevant portion his testimony, instruct the jury not to consider it, and, most importantly, provide a further curative instruction clarification that it was improper and in accurate. The government could not possibly argue any prejudice as a result of the curative instruction, including the last section which is an accurate statement of the facts as we now know them to be.

Lastly, we ask the Court to immediately turn over all rough notes (presumably the special agents are not preparing 302) of the government's subsequent interviews with all of its witnesses, including those who have already testified. To be clear, we have not been provided with any memorialization of subsequent meetings the government ad during trial preparation. Had we, the above issue would not have occurred because Weeks's testimony about what was in the HIS report would have been properly documented.

                                                                  Respectfully submitted,

                                                                  /s/ *Stephen Turano*
                                                                  Stephen Turano, Esq.
                                                                  Thomas Ambrosio, Esq.
                                                                  *Attorneys for Michael Healy*

cc:      Robert Frazer, AUSA
           Samantha Fasanello, AUSA