

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7th floor*                                                      *973-645-2700*
*Newark, New Jersey 07102*

March 17, 2024

***Via Email and ECF***
The Honorable Michael E. Farbiarz
United States District Judge
Frank Lautenberg Post Office & U.S. Courthouse
2 Federal Square
Newark, New Jersey 07102

> Re:   United States v. Michael Healy
>        Crim. No. 18-703 (MEF)

Dear Judge Farbiarz:

The Government writes in response to the letter filed today by defense counsel requesting a mistrial, or, in the alternative, striking certain testimony of Sgt. Weeks of the Ohio State Highway Patrol. As an initial matter, a mistrial is not warranted because failure to disclose the statement at issue in advance of Sgt. Weeks's testimony did not result in any prejudice to the defendant. *See United States v. Hill*, 976 F.2d 132, 141-42 (1992) (affirming denial of mistrial motion upon finding that failure to disclose certain statements did not result in prejudice). Moreover, the Government does not object to the defendant's request to strike the relevant portion of Sgt. Weeks's testimony. Finally, the Government writes to complete the record with respect to certain factual assertions made in counsel's letter.

During Sgt. Weeks's testimony on Thursday, March 14th, he testified that he learned from Homeland Security Investigations ("HSI") personnel that Nunez provided a statement indicating that, prior to the currency seizure in Ohio, he had delivered drugs to Newark, New Jersey. That statement – which contradicted the statement Nunez provided to Sgt. Weeks during the traffic stop, as memorialized in Sgt. Weeks's report – is the statement underlying the defense's motion. As background, and as communicated to counsel on Friday, March 15th, the Government received a report from HSI on Friday, March 8, 2024. This report, which was ultimately turned over to counsel in Court after Sgt. Weeks's testimony, was written by an HSI agent who had interviewed Nunez after the Ohio currency seizure. The Government received that report at 11:18 a.m. on March 8th. Seven minutes later, the undersigned drafted an email to U.S. Attorney's Office personnel

requesting that the HSI report be disclosed to defense counsel in a supplemental discovery production. After the defense's objection in Court at the conclusion of Sgt. Weeks' testimony on Thursday, March 14th, and after returning to the office that day, the undersigned discovered that the email requesting facilitation of production was still in draft form – timestamped March 8, 2024 at 11:25 a.m. – and was inadvertently never sent to the appropriate contacts.

The defense moves for a mistrial based upon the Government's failure to disclose Sgt. Weeks's statement that during HSI's interview with Nunez, Nunez provided certain information that conflicted with Nunez's statement as memorialized in Sgt. Weeks's report.  Specifically, the defense's motion is based upon failure to disclose, in advance of Sgt. Weeks's testimony, that Nunez told HSI he had delivered drugs to Newark, New Jersey, despite having previously told Sgt. Weeks that he delivered drugs to Harrisburg, Pennsylvania.  While the Government apologizes to both the defense and the Court for the belated disclosure, the motion for a mistrial should be denied because the defendant suffered no prejudice.  In *United States v. Hill*, the defendant moved for a mistrial after the Government failed to produce grand jury testimony of two federal agents until the close of its case.  976 F.2d at 140.  In evaluating that motion, the Court considered whether the defendant suffered any prejudice as a result of the belated disclosure.  *Id.* at 141.  Upon a finding that the grand jury testimony contained no impeachment material "of independent significance," the district court denied the mistrial motion.  *Id.* at 139, 141-42.  Thereafter, applying the abuse-of-discretion standard, the Third Circuit affirmed the district court's decision.  *Id.* at 139.  In this case, the statement at issue was disclosed during Sgt. Weeks's trial testimony, such that the defense was able to effectively cross-examine him on any discrepancies between his trial testimony and the assertions made in his report.  Mar. 14, 2024 Tr. at 513:4-515:14; *see also United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983) (noting Government is obligated to disclose exculpatory evidence and impeachment material "before a trial concludes . . . or in time for its effective use at trial").  Because no prejudice resulted from any failure to disclose responsive material in advance of Sgt. Weeks's testimony, the defendant's motion for a mistrial must be denied.

As an alternative request, the defendant moves to strike the relevant portion of Sgt. Weeks's testimony on the grounds that it constitutes inadmissible hearsay. The Government does not oppose that request.  In an effort to clarify and complete the record, the Government notes that in moving to strike, the defense cited a portion of the transcript, but omitted a prior portion of the testimony that provides critical context.  Specifically, prior to testifying about Nunez's representation that the drugs were delivered to Newark, Sgt. Weeks testified as follows:

Q. What happened then?

A.   During that time, I had Mr. Nunez in my front seat. I
began checking his driver's license, the vehicle registration,

making sure that everything was okay, that there were no wants
and warrants, and just made a little bit of small talk with
Mr. Nunez and asked about his travel. He stated that he was
coming from the Harrisburg, Pennsylvania, area, heading back to
California to visit somebody -- I believe it was a mother -- who had
breast cancer or a family member who had breast cancer in that
area.

Q. Now, at some point did that story actually check out?

A. It did not.

Q. We'll get to that.

Mar. 14, 2024 Tr. at 503:20-504:7.  The undersigned had instructed Sgt. Weeks not
to discuss the interview of Nunez as it would likely be considered hearsay, but he
volunteered the answer in response to an open-ended question. Having not drawn a
hearsay objection, the undersigned later inquired further about Nunez's conflicting
statement to HSI as to the destination of the drugs, so as not to leave the jury with
a false impression.  That decision was based upon the incorrect belief that the HSI
report had been disclosed in a supplemental discovery production on or about March
8th.

The Government now understands that defense counsel made a strategic
decision not to object because they lacked sufficient information as a result of the
Government's inadvertent failure to produce the statement. Thus, the Government
does not object to the Court striking the portion of Sgt. Weeks's testimony eliciting
that Nunez stated he was coming from Newark, New Jersey. The Government *does*
object to any instruction from the Court that Sgt. Weeks's testimony was improper
or inaccurate. Rather, the Government submits that the Court should state the
evidentiary reason for striking the testimony, which is that it constitutes hearsay
under the Rules of Evidence.

Finally, counsel claims that the Government violated its Jencks obligations
in failing to produce the HSI report, along with any notes of its preparation session
with Sgt. Weeks.  No such notes exist, and as explained above, the Government
sought to comply with its Jencks obligations by disclosing the HSI report upon
receipt, which memorialized the only new information that Sgt. Weeks provided
during his trial preparation session.  All other information discussed during that
preparation session had been properly memorialized and disclosed through prior
reporting.  In the same vein, the defense asks the Court to compel the Government
to turn over "all rough notes . . . of the government's subsequent interviews with all
of its witnesses." Def. Br. at p. 3.  In support of this request, the defense asserts
that "we have not been provided with any memorialization of subsequent meetings
with the government ad [sic] during trial preparation." *Id.*  Contrary to this

accusation, the Government has, on each occasion when new information emerged during trial preparation sessions, disclosed either a letter or a law enforcement report memorializing that new information.  Such disclosures have been made in connection with information provided by multiple witnesses and have been provided as recently as last week on March 13th.  The Government will continue to make such disclosures as appropriate to comply with its Jencks and Giglio obligations. Accordingly, no relief is warranted on this issue.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

*s/ Robert Frazer*

_____

By:    ROBERT FRAZER
       SAMANTHA C. FASANELLO
       Assistant U.S. Attorneys