

U.S. Department of Justice

*United States Attorney
District of New Jersey*

_____

*970 Broad Street, 7th floor*  *973-645-2700*
*Newark, New Jersey 07102*

March 26, 2024

***Via Email and ECF***
Honorable Michael E. Farbiarz, U.S.D.J.
Frank R. Lautenberg Post Office & U.S. Courthouse
2 Federal Square
Newark, New Jersey 07101

      Re:    <u>United States v. Michael Healy</u>
             Crim. No. 18-703 (MEF)

Dear Judge Farbiarz:

      The Government writes to supplement its motion to admit certain convictions of the defendant under Federal Rule of Evidence 609 in the event that he testifies at trial. Relevant to this supplemental submission, "convictions over ten years old are only to be admitted in exceptional circumstances and the 403 balancing is reversed," <u>i.e.</u>, "the probative value of the conviction must substantially outweigh the prejudicial effect." <u>United States v. Guerrier</u>, 511 F. Supp. 3d 556 (M.D. Pa. 2021). While the question of when the ten-year period is measured from remains unresolved in the Third Circuit, the Third Circuit has "previously assumed that the relevant inquiry under Rule 609(b) is whether the date of the conviction or release occurred more than ten years prior to trial." <u>United States v. Thomas</u>, 815 F. App'x 671, 677 (3d Cir. 2020). Under that standard, the Government concedes that both convictions are more than ten years old, and the reverse 403 balancing test should apply.

      Nevertheless, the Government respectfully submits that the probative value of the defendant's prior convictions does, in fact, *substantially* outweigh any prejudicial effect, particularly if the Court chooses to sanitize them. The evidence in this case includes testimony from multiple witnesses who have relayed statements the defendant made or actions they witnessed him take in furtherance of his drug trafficking enterprise. Should the defendant choose to testify in a manner that attempts to refute the testimony of those witnesses, the jury's ability to evaluate those conflicting accounts of the facts that give rise to the charges in this case will be central to their determination about whether the Government has met its burden. Accordingly, the jury's ability to evaluate the defendant's credibility and weigh it against the credibility of the Government's cooperating witnesses is crucial.

Moreover, while the length of time—which was extraordinarily brief—between the defendant's release from custody and initiation of the conspiracy period is not the determinative temporal measurement under Rule 609, the Court can, and should, consider it in evaluating whether the probative value of the defendant's prior convictions substantially outweighs the prejudicial effect. Indeed, in Guerrier, the Court admitted convictions that were over ten years old upon a finding that "the probative value of defendant's 2003 convictions remains undiminished since his stated subsequent convictions commencing within four years after 2003 indicate that he has not abandoned his prior ways of criminal behavior." 511 F. Supp. At 565. Here, the defendant was released from custody on his armed robbery conviction in April 2012, less than one year prior to the commencement of the conspiracy period alleged in the Indictment. What's more, the defendant sustained his prior gun conviction in 2003, just one year prior to his arrest for the armed robbery.

Finally, the Government respectfully notes that the ten-year period on the defendant's armed robbery conviction lapsed in April 2022. The trial date in this matter was adjourned multiple times due to complications arising from the COVID-19 pandemic. This matter, which was first superseded to add racketeering charges on or about June 5, 2019, would likely have proceeded to trial well in advance of the April 2022 expiration date but for the COVID-19 pandemic.

For all of these reasons, and for the reasons set forth in its February 12, 2024 motion in limine requesting the same relief, the Government respectfully submits that, upon consideration of the specific facts and circumstances in this case, including, but not limited to, the nature of the evidence that has been presented at trial to date, the probative value of the defendant's prior convictions substantially outweighs the prejudicial effect. Accordingly, the Government moves to admit the defendant's prior convictions for impeachment purposes under Rule 609 in the event that he chooses to testify.

       Very truly yours,

       PHILIP R. SELLINGER
       United States Attorney

       _____
  By:  SAMANTHA C. FASANELLO
       ROBERT FRAZER
       Assistant U.S. Attorneys