UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,            Hon. Michael E. Farbiarz


            v.                       Criminal Number 18-703 (MEF)


MICHAEL HEALY



**Jury Instructions**

## Role of the Jury

Members of the jury, you have seen and heard all the evidence.  You will soon hear closing arguments from the parties, but first, I will instruct you on the law.  I will read my instructions to you.  Please pay close attention to them. They may be mentioned in the various closing arguments.  The legal instructions are long.  You will have printed copies of them in the jury room with you as you deliberate.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.  That is your duty.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

Throughout your deliberations, you may discuss with each other the evidence and the law that has been presented in this case, but you must not communicate with anyone else by any means about the case. You also cannot learn from outside sources of any kind whatsoever about the case, the matters in the case, the legal issues in the case, or individuals or other entities involved in the case. You may not research or communicate about what you've seen and heard in this courtroom.

These restrictions continue to strictly apply during deliberations because it is essential, under our Constitution, that you decide this case based solely on the evidence and law presented in this courtroom.

You are permitted to discuss the case only with your fellow jurors during deliberations because they have seen and heard the same evidence and instructions on the law that you have, and it is important that you decide this case solely on the evidence presented during the trial, without influence by anything or

anyone outside of the courtroom. For this reason, I expect you to inform me at the earliest opportunity, should you learn about or share any information about this case outside of this courtroom or the jury room, or learn that another juror has done so.

Perform your duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should of course --- it goes without saying --- not be influenced by any person's race, color, religion, national ancestry, or gender.

## Evidence

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) The indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence.  During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence.  These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made.  You should also not be influenced by my rulings on objections or any sidebar conferences you may possibly have overheard.  When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other.  When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence.  You must disregard the question or the exhibit entirely.  Do not think about or guess what the witness might have said as an answer to the question; do not think about or guess what the exhibit might have shown.  Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection.  If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence.  When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your decision in this case.  Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

<u>Direct and Circumstantial Evidence</u>

You may have heard of "direct evidence" and "circumstantial (or indirect) evidence."  You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact.  An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses—something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.  It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.  A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.  A reasonable inference is not a suspicion or a guess.  It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if a witness testified that she had been outside and saw that it was raining, that testimony would be direct evidence that it was raining.  On the other hand, if a witness testified that she saw someone walk in from outside wearing a wet raincoat and carrying a wet umbrella, that

testimony would be circumstantial evidence from which you could reasonably infer that it was raining.  You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.  The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

<u>Credibility of a Witness</u>

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses.  Credibility refers to whether a witness is worthy of belief: Was the witness truthful?  Was the witness' testimony accurate?  You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.   In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding,

and memory;

(3) The witness' manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear in your judgment on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached.  You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

### Not All Evidence, Not All Witnesses Needed

Although the United States is required to prove the defendant guilty beyond a reasonable doubt, the United States is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.  In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

**IF DEFENSE PRESENTS A CASE:**  [In this case, the defendant [presented evidence] [produced witnesses].  The defendant is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.]

## Presumption of Innocence

The defendant pleaded not guilty to the offenses charged. The defendant is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with the defendant unless and until the United States has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the United States has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the United States to prove that the defendant is guilty and this burden stays with the United States throughout the trial.

<u>Burden of Proof; Reasonable Doubt</u>

In order for you to find the defendant guilty of the offenses charged, the United States must convince you that the defendant is guilty beyond a reasonable doubt.  That means that the United States must prove each and every element of the offenses charged beyond a reasonable doubt.  The defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.  It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the United States proved each and every element of the offenses charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of the offenses charged, then you must return a verdict of not guilty

of those offenses.

## Review of the Indictment

The Indictment contains twelve counts.

Count One charges the defendant with conspiracy to conduct and participate in the conduct of the affairs of the Healy Drug Trafficking Enterprise (the "Healy DTE") through a pattern of racketeering activity.  The defendant is charged with racketeering acts, including: the murders of Juan Santos-Martinez, who is referred to in the Indictment as "Victim-1," Aristedes Statiroudis, who is referred to in the Indictment as "A.S.," and Jose Colon, who is referred to in the Indictment as "J.C."; conspiracy to murder a federal witness or informant; interstate travel and transportation in aid of racketeering; money laundering; and certain controlled substance offenses under federal law.

Count Two charges the defendant with the February 3, 2018 murder of Juan Santos-Martinez in aid of racketeering, and with aiding and abetting same.

Count Three charges the defendant with using, carrying, and discharging a firearm during and in relation to the murder in aid of racketeering of Juan Santos-Martinez, and with aiding and abetting same.

Count Four charges the defendant with causing the death of

Juan Santos-Martinez through the use of a firearm, and with aiding and abetting same.

Count Five charges the defendant with the March 12, 2018 murder of Aristedes Statiroudis in aid of racketeering, and with aiding and abetting same.

Count Six charges the defendant with conspiracy to murder a federal witness or informant, namely, Aristedes Statiroudis.

Count Seven charges the defendant with using, carrying, and discharging a firearm during and in relation to the murder in aid of racketeering of Aristedes Statiroudis, and with aiding and abetting same.

Count Eight charges the defendant with causing the death of Aristedes Statiroudis through the use of a firearm, and with aiding and abetting same.

Count Nine charges the defendant with the April 6, 2018 murder of Jose Colon in aid of racketeering, and with aiding and abetting same.

Count Ten charges the defendant with using, carrying, and discharging a firearm during and in relation to the murder in aid of racketeering of Jose Colon, and with aiding and abetting same.

Count Eleven charges the defendant with causing the death

of Jose Colon through the use of a firearm, and with aiding and abetting same.

Count Twelve charges the defendant with conspiracy to distribute and possess with intent to distribute controlled substances, including cocaine, heroin, fentanyl, and marijuana.

An indictment is just the formal way of specifying the crimes the defendant is accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.

## Persons Not on Trial

You are here to decide whether the United States has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged.  The defendant is not on trial for any act, conduct, or offense not alleged in the Indictment.  You are not to be concerned with the guilt of any other person or persons not on trial.  You may not draw any inference, favorable or unfavorable, toward the United States or the defendant, from the fact that certain persons were not named as defendants in the Indictment. Why certain persons were not indicted or are not on trial here must play no part in your deliberations.  It should be of no concern to you, and you should not speculate as to the reason for their absence.

Whether a person should be named as a defendant is a matter within the sole discretion of the United States Attorney and the grand jury.  Therefore, you may not consider it in any way in reaching your verdict as to the defendant in this case.

<u>On or About</u>

You will note that the Indictment charges that the offense was committed "on or about" a certain date.  The United States does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the United States proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

## Interviews by Attorneys

During the trial, you have heard testimony that counsel—or their agents or investigators—have interviewed some witnesses who testified at trial.  No adverse inference should be drawn from that conduct.  Indeed, counsel have a right, duty, and obligation to conduct those interviews and prepare this case as thoroughly as possible, and they might have been derelict in the performance of their duties if they had not questioned the witnesses as the investigation progressed and during their preparation for this trial.  Indeed, it would be negligent on the part of any lawyer not to interview or attempt to interview a witness whom he or she called to testify.

## Use of Conjunctive

Upon reading the Indictment, you may notice that the word "and" is used between other charging words.  Although the Indictment is written that way, you are specifically instructed that it is sufficient for the United States to prove that the defendant did <u>one</u> of the acts charged in the Indictment.  In other words, you should treat the word "and" as really being the word "or."

An important exception to this rule applies to the required intent for the commission of a crime.  Thus, the Government must prove that the defendant knowingly <u>and</u> intentionally committed the crimes charged in the Indictment.

## Stipulation of Fact

The parties have agreed that certain facts are true.  You should therefore treat these facts as having been proved.  You are not required to do so, however, since you are the sole judge of the facts.

## Stipulated Testimony

The parties have agreed what Harpreet Singh's testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court by the witness.

<u>Audio Recordings – Transcripts</u>

You have heard audio recordings that were received in evidence, and you were given written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

The transcripts name the speakers. But remember, you must decide who you actually heard speaking in the recording. The names on the transcript were used simply for your convenience.

Opinion Evidence (Expert Witnesses)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from Dr. Gregory Conti, Dr. Frederick DiCarlo, Special Agent John Hauger, and Forensic Chemists Cathy Regan, Marilyn DeApodaca, Christine Chiesa, Jennifer Skuches, Christopher Benintendo, Russell Gallis, Tara Rossy, Kelly Song, Michelle Camilleri, and Kristi Bartok. Because of their knowledge, skill, experience, training, or education in their respective fields of expertise, they were permitted to offer opinions in their respective fields and the reasons for those opinions.

The opinions these witnesses state should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness's qualifications, the reasons for the witness's opinions, and the reliability of the information supporting the witness's opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinions entirely if you decide that any expert witness's opinions are not based on sufficient knowledge, skill, experience, training, or education. You may also

disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

## Summaries – Underlying Evidence Not Admitted

Certain charts offered by the Government were admitted as evidence. You may use those charts as evidence, even though the underlying documents and records have not been admitted into evidence.

## Specific Investigation Techniques Not Required

During the trial you heard testimony of witnesses and argument by counsel that the government did not use specific investigative techniques. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, there is no legal requirement that anyone use any of these specific investigative techniques or all possible techniques to prove its case. There is no requirement to use any particular investigative technique.

Your concern, as I have said, is to determine whether or not the evidence admitted in this trial proves the defendant's guilt beyond a reasonable doubt.

## Credibility of Witnesses – Law Enforcement Officer

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

<u>Credibility of Witnesses – Witness Who Has Pleaded Guilty to</u>
<u>Same or Related Offense; Accomplices; Immunized Witnesses;</u>
<u>Cooperating Witnesses</u>

You have heard evidence from a number of witnesses that were either accomplices, co-conspirators, participants in charged crimes, had the benefit of plea agreements, promises of no prosecution, or received other benefits from the United States in exchange for testifying, including potential sentence reductions.

Their testimony was received in evidence and may be considered by you.  The United States is permitted to present the testimony of someone who has such a benefit or arrangement with the United States in exchange for their testimony, but you should consider the testimony of such persons with great care and caution.  In evaluating their testimony, you should consider this factor along with the others I have called to your attention.  Whether or not their testimony may have been influenced by the benefit or arrangement is for you to determine.  You may give their testimony such weight as you think it deserves.

You must not consider guilty pleas to charges related to this Indictment as any evidence of any defendant's guilt.  Their decision to plead guilty was a personal decision about their own guilt.  Such evidence is offered only to allow you to assess the credibility of the witness; and to explain how the witness came

to possess detailed first-hand knowledge of the events about which they testified.  You may consider the witness's guilty plea only for these purposes.

## Credibility of Witnesses – Testimony of Addict or Substance Abuser

Evidence was introduced during the trial that multiple Government witnesses were using drugs or addicted to drugs when the events in this case took place.  There is nothing improper about calling such a witness to testify about events within his or her personal knowledge.

On the other hand, their testimony must be considered with care and caution. The testimony of a witness who was abusing controlled substances may be less believable because of the effect the drugs may have on his or her ability to perceive, remember, or relate the events in question.

After considering their testimony in light of all the evidence in this case, you may give it whatever weight, if any, you find it deserves.

Impeachment of Witness – Prior Inconsistent Statement for

Credibility Only

You have heard the testimony of certain witnesses who were impeached.  You have also heard that before this trial they made statements that may be different from their testimony in this trial.  It is up to you to determine whether these statements were made and whether they were different from the witness' testimony in this trial.  These earlier statements were brought to your attention only to help you decide whether to believe the witness' testimony here at trial.  You cannot use it as proof of the truth of what the witness said in the earlier statements. You can only use it as one way of evaluating the witness' testimony in this trial.

You also heard evidence that certain witnesses made statements before this trial that were made under oath or given before the grand jury and that may be different from their testimony at trial.  When a statement is made under oath or made before the grand jury, you may not only use it to help you decide whether you believe the witness' testimony in this trial but you may also use it as evidence of the truth of what the witness said in the earlier statements.  But when a statement is not made under oath or not given before the grand jury, you may use it only to help you decide whether you believe the witness'

testimony in this trial and not as proof of the truth of what the witness said in the earlier statements.

## Impeachment of a Witness – Prior Bad Acts

You heard evidence that certain witnesses committed a variety of bad acts inquired about either on direct or cross-examination.  You may consider this evidence, along with other pertinent evidence, only in deciding whether to believe the witness and how much weight to give their testimony.

## Impeachment of a Witness – Prior Conviction

You heard evidence that certain witnesses were previously convicted of a crime.  You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe the witness and how much weight to give their testimony.

<u>False in One, False in All</u>

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness' testimony concerning other matters.  You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

## Defendant's Choice Not to Testify or Present Evidence

The defendant did not testify or present evidence in this case. A defendant has an absolute constitutional right not to testify or to present any evidence. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that the defendant did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

## Defendant's Testimony

In a criminal case, the defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

Proof of Required Mental State – Intentionally, Knowingly,

Willfully

Often the state of mind with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking. However, the defendant's state of mind can be proved indirectly from the surrounding circumstances.  Thus, to determine what the defendant intended or knew at a particular time, you may consider evidence about what he said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.  It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about the defendant's state of mind.

You may also consider the natural and provable results or consequences of any acts the defendant knowingly did, and whether it is reasonable to conclude that he intended those results or consequences.  You may find, but you are not required to find, that the defendant knew and intended the natural and probable consequences or results of acts he knowingly did.  This means that if you find that an ordinary person in the defendant's situation would have naturally realized that certain consequences would result from his actions, then you may find,

but you are not required to find, that the defendant did know

and did intend that those consequences would result from his

actions.  This is entirely up to you to decide as the finders of

the facts in this case.

Knowingly

Several of the offenses charged in the Indictment require that the United States prove that the defendant acted "knowingly" or "with knowledge" with respect to certain elements of the offense.  This means that the United States must prove beyond a reasonable doubt that the defendant was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged.

In deciding whether the defendant acted "knowingly" or "with knowledge," you may consider evidence about what the defendant did and failed to do, how he acted, and all of the other facts and circumstances shown by the evidence that may prove what was in his mind at that time.

The United States is not required to prove that the defendant knew his acts were against the law.

## Intentionally

Several of the offenses charged in the Indictment require that the United States prove that the defendant acted "intentionally" or "with intent" with respect to certain elements of the offense.  This means that the United States must prove beyond a reasonable doubt either that (1) it was the defendant's conscious desire or purpose to act in a certain way or to cause a certain result, or that (2) the defendant knew that he was acting in a way or would be practically certain to cause that result.

In deciding whether the defendant acted "intentionally" or "with intent," you may consider evidence about what the defendant did and failed to do, how he acted, and all of the other facts and circumstances shown by the evidence that may prove what was in his mind at that time.

## Willfully

The offense of conspiracy to murder a federal witness charged in the indictment requires the government to prove that the defendant acted "willfully" with respect to a certain element of the offense.  This means the United States must prove beyond a reasonable doubt that the defendant knew his conduct was unlawful and intended to do something that the law forbids. That is, to find that the defendant acted "willfully," you must find that the evidence proved beyond a reasonable doubt that the defendant acted with a purpose to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant had any evil motive or bad purpose other than the purpose to disobey or disregard the law.

## Motive Explained

Motive generally is not an element of the offenses with which the defendant is charged.  Proof of bad motive is not required to convict.  Further, proof of bad motive alone does not establish that the defendant is guilty and proof of good motive alone does not establish that the defendant is not guilty.  Evidence of the defendant's motive may, however, help you find his intent.

Intent and motive are different concepts.  Motive is what prompts a person to act.  Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct.  However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

<u>Conspiracy – Existence of an Agreement</u>

The Indictment charges a number of different conspiracy offenses.  Count One charges a conspiracy to conduct and participate in the conduct of the Healy Drug Trafficking Enterprise's affairs through a pattern of racketeering activity; Count Six charges a conspiracy to murder a federal witness; and Count Twelve charges a conspiracy to distribute and possess with intent to distribute controlled substances.

Because multiple counts in the Indictment charge conspiracy offenses, I am going to define conspiracy law in full now, and will refer back to these instructions later so that I do not have to repeat these instructions again and again.  I will, however, provide you with more specific instructions regarding the racketeering conspiracy charged in Count One.

The first element of the crime of conspiracy is the existence of an agreement.  The United States must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy.

The United States does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding.  The United

States also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objectives, or agreed to all the details, or agreed to what the means were by which the objectives would be accomplished.  The United States is not even required to prove that all the people named in the Indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known.  What the United States must prove beyond a reasonable doubt is that two or more persons, including the defendant, in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the United States has proved beyond a reasonable doubt that an agreement or mutual understanding existed.  You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

This instruction applies equally to all of the counts in the Indictment that allege a conspiracy, and therefore I will not repeat it in connection with those counts. You should refer back to the instruction I just gave you when considering any of the conspiracy charges in the Indictment.

Conspiracy – Membership in the Agreement

If you find that a criminal agreement or conspiracy existed, then in order to find the defendant guilty of conspiracy you must also find that the United States proved beyond a reasonable doubt that the defendant knowingly and intentionally joined that agreement or conspiracy during its existence.  The United States must prove that the defendant knew the goals or objectives of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goals or objectives and to work together with the other alleged conspirators toward those goals or objectives.

The United States need not prove that the defendant knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning.  The United States also does not have to prove that the defendant played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether the defendant joined the conspiracy, knew of its criminal objectives, and intended to further the objectives.  Evidence which shows that the defendant only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not

sufficient to prove that the defendant was a member of the conspiracy even if he approved of what was happening or did not object to it.  Likewise, evidence showing that the defendant may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy.  You may, however, consider this evidence, with all the other evidence, in deciding whether the Government proved beyond a reasonable doubt that the defendant joined the conspiracy.

This instruction applies equally to all of the counts in the Indictment that allege a conspiracy, and therefore I will not repeat it in connection with those counts.  You should refer back to the instruction I just gave you when considering any of the conspiracy charges in the Indictment.

<u>Conspiracy – Mental States</u>

In order to find the defendant guilty of conspiracy you must find that the Government proved beyond a reasonable doubt that the defendant joined the conspiracy knowing of its objectives and intending to help further or achieve those objectives.  That is, the Government must prove: (1) that he knew of the objectives or goals of the conspiracy, (2) that he joined the conspiracy intending to help further or achieve those goals or objectives, and (3) that he and at least one other alleged conspirator shared a unity of purpose toward those objectives or goals.

You may consider both direct evidence and circumstantial evidence, including any of the defendant's words or conduct and other facts and circumstances, in deciding whether he had the required knowledge and intent.  For example, evidence that the defendant derived some benefit from the conspiracy or had some stake in the achievement of the conspiracy's objectives might tend to show that he had the required intent or purpose that the conspiracy's objectives be achieved.

This instruction applies equally to all of the counts in the Indictment that allege a conspiracy, and therefore I will not repeat it in connection with those counts.  You should refer

back to the instruction I just gave you when considering any of the conspiracy charges in the Indictment.

Conspiracy – Success Immaterial

The United States is not required to prove that any of the members of the conspiracy were successful in achieving any or all of the objectives of the conspiracy.  You may find the defendant guilty of conspiracy if you find that the United States proved beyond a reasonable doubt the elements I have explained, even if you find that the United States did not prove that any of the conspirators actually committed any other offense against the United States.  Conspiracy is a criminal offense separate from the offenses that were the objectives of the conspiracy; conspiracy is complete without the commission of those offenses.

This instruction applies equally to all of the counts in the Indictment that allege a conspiracy, and therefore I will not repeat it in connection with those counts.  You should refer back to the instruction I just gave you when considering any of the conspiracy charges in the Indictment.

## Conspiracy – Duration

A conspiracy ends when the objectives of the conspiracy have been achieved or when all members of the conspiracy have withdrawn from it.  However, a conspiracy may be a continuing conspiracy and if it is, it lasts until there is some affirmative showing that it has ended or that all its members have withdrawn.  A conspiracy may be a continuing one if the agreement includes an understanding that the conspiracy will continue over time.  Also, a conspiracy may have a continuing purpose or objective and, therefore, may be a continuing conspiracy.

This instruction applies equally to all of the counts in the Indictment that allege a conspiracy, and therefore I will not repeat it in connection with those counts.  You should refer back to the instruction I just gave you when considering any of the conspiracy charges in the Indictment.

## Conspiracy – Acts and Statements of Co-Conspirators

Evidence has been admitted in this case that certain persons, who are alleged to be co-conspirators in this case, did or said certain things.  The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against one alleged co-conspirator any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy.  You may consider these acts and statements even if they were done and made in a co-conspirator's absence and without his knowledge.  As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

This instruction applies equally to all of the counts in the Indictment that allege a conspiracy, and therefore I will not repeat it in connection with those counts.  You should refer back to the instruction I just gave you when considering any of the conspiracy charges in the Indictment.

<u>Count One – RICO Conspiracy – Elements of the Offense</u>

Count One of the Indictment charges that the defendant agreed or conspired with one or more other persons to violate the Racketeer Influenced and Corrupt Organizations Act, also known as RICO.  Under this statute, it is a federal crime for any person who is employed by or associated with an enterprise that is engaged in or affects interstate or foreign commerce to conduct or to participate in the conduct of the affairs of that enterprise through a pattern of racketeering activity.

As I instructed earlier, it is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective.  A conspiracy is a kind of criminal partnership.

In order for you to find the defendant guilty of conspiracy to conduct or to participate in the conduct of an enterprise's affairs through a pattern of racketeering activity, you must find that the Government proved beyond a reasonable doubt each of the following three elements:

1) That two or more persons agreed to conduct or to participate, directly or indirectly, in the conduct of an enterprise's affairs through a pattern of racketeering activity;

2) That the defendant was a party to or member of that agreement; and

3) That the defendant joined the agreement or conspiracy knowing of its objective to conduct or participate, directly or indirectly, in the conduct of an enterprise's affairs through a pattern of racketeering activity and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve the objective of conducting or participating in the conduct of an enterprise's affairs through a pattern of racketeering activity.

I will explain the meanings of the terms "enterprise," "employed by or associated with," "conduct or participate, directly or indirectly, in the conduct of that enterprise's affairs," and "through a pattern of racketeering activity" shortly.

In order to find the defendant guilty of the RICO conspiracy charged in Count One, the United States is not required to prove that the defendant personally committed or agreed to personally commit any act of racketeering activity. Indeed, it is not necessary for you to find that the objective

or purpose of the conspiracy was achieved at all. However, the evidence must establish that the defendant knowingly agreed to facilitate or further a scheme which, if completed, would include a pattern of racketeering activity committed by at least one other conspirator. Mere membership in, or association with, an enterprise, by itself, is not a crime. Leadership of an enterprise, by itself, is also not a crime.

In short, to find the defendant guilty of the RICO conspiracy charged in Count One, you must find that the United States proved beyond a reasonable doubt that the defendant joined in an agreement or conspiracy with another person or persons, knowing that the objective or purpose was to conduct or to participate, directly or indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity, and intending to join with the other person or persons to achieve that objective.

I will now explain the various terms that are relevant to a RICO conspiracy offense.

<u>Count One – RICO Conspiracy – "Enterprise" Defined</u>

<u>Generally</u>

An "enterprise" may be: (1) a legal entity, such as a corporation or partnership; or (2) a group of individuals associated in fact although not a legal entity.  In this case, the enterprise alleged in the Indictment—that is, the Healy Drug Trafficking Enterprise—is a group of individuals associated in fact although not a legal entity.

The term "enterprise" includes both legitimate enterprises and also illegitimate or completely illegal enterprises.  Thus, the enterprise need not have a purpose other than the commission of or facilitating the commission of the racketeering activity alleged in the Indictment.

Because the United States has charged a RICO conspiracy offense, the United States is not required to prove that the alleged enterprise actually existed.  Rather, because an agreement to commit a RICO offense is the essence of a RICO conspiracy, the United States need only prove that the defendant joined the conspiracy and that if the object of the conspiracy was achieved, the enterprise would be established.

Count One – RICO Conspiracy – "Enterprise"; Association in Fact

Defined

The Indictment alleges that the defendant conspired to conduct or to participate in the conduct of the affairs of an enterprise, which, in this case, is alleged to be a group of individuals associated together in fact although not a legal entity.  As I already told you, an enterprise need not be a formal business entity such as a corporation, but may be merely an informal association of individuals.  A group or association of individuals can be an enterprise if they have associated together for a common purpose of engaging in a course of conduct.  This is referred to as an "association in fact enterprise."

An "association in fact enterprise" has the following elements:

1) That the group would have purposes and longevity sufficient for the members of the group to pursue its purposes;

2) That the group would have an ongoing organization, formal or informal, with some sort of framework for carrying out its objectives;

3) That there would be a relationship among the members of the group and that the members of the group would

function as a continuing unit to achieve common purpose*s*;
and

4) That the enterprise existed separate and apart from the
alleged pattern of racketeering activity.

To find that the enterprise was an entity separate and
apart from the alleged pattern of racketeering activity, you
must find that the United States proved that the enterprise had
an existence beyond what was necessary merely to commit the
charged racketeering activity. However, the United States does
not have to prove that the enterprise had some function wholly
unrelated to the racketeering activity; the enterprise may be
formed solely for the purpose of carrying out a pattern of
racketeering activity.  The existence of an association-in-fact
enterprise is often proved by what it does, rather than by
abstract analysis of its structure.  Evidence that shows a
conspiracy to commit a pattern of racketeering activity may be
considered in determining whether the United States has proved
the existence of a conspiracy to form an enterprise beyond a
reasonable doubt, and proof of conspiracy to commit a pattern of
racketeering activity may be sufficient for you to infer the
existence of a conspiracy to form an association-in-fact
enterprise.  Also, evidence showing the oversight or
coordination of the commission of several different racketeering

acts and other activities on an ongoing basis may be considered in determining whether the enterprise had a separate existence.

To prove an association-in-fact enterprise, the United States need not prove that the group had a hierarchical structure or a chain of command; decisions may be made on an ad hoc basis and by any number of methods. The United States also need not prove that members of the group had fixed roles; different members may perform different roles at different times. The United States need not prove that the group was a business-like entity, or that it had a name, or regular meetings, or established rules and regulations, or the like. An enterprise is also not limited to groups whose crimes are sophisticated, diverse, complex, or unique.

Count One – RICO Conspiracy – "Engaged in, or the Activities of which Affect, Interstate or Foreign Commerce" Defined

The second element the United States must prove beyond a reasonable doubt for the offense charged in Count One is that the enterprise would be engaged in interstate or foreign commerce, or that its activities would affect interstate or foreign commerce. This means the United States must prove that the enterprise would have been involved in or affected, in some way trade, or business, or travel between two or more states or between a state and a foreign country.

An enterprise is engaged in interstate or foreign commerce when it is itself directly engaged in the production, distribution, or acquisition of services, money, goods, or other property in interstate or foreign commerce.

Alternatively, an enterprise's activities affect interstate or foreign commerce if its activities in any way interfere with, change, or alter the movement or transportation or flow of goods, merchandise, money, or other property between or among two or more states or a state and a foreign country. The United States must prove that the enterprise's activities would have some effect on commerce, no matter how minimal or slight. The United States need not prove that the defendant knew that the enterprise would engage in, or that the enterprise's activities would affect, interstate or foreign commerce. The United States

also need not prove that the defendant intended to obstruct, delay or interfere with interstate or foreign commerce, or that the purpose of the alleged crime generally was to affect interstate or foreign commerce. Moreover, you do not have to decide whether the effect on commerce would be harmful or beneficial.

In addition, the United States does not have to prove that the pattern or the individual acts of racketeering activity themselves would affect interstate or foreign commerce. Rather, it is the enterprise and its activities considered as a whole that must be shown would have that effect. On the other hand, this potential effect on interstate or foreign commerce may be established through the effect that would be caused by the pattern or the individual acts of racketeering activity.

Because the United States has charged a RICO conspiracy offense, the United States is not required to prove that the alleged enterprise actually engaged in or its activities actually affected interstate or foreign commerce. Rather, the United States need only prove that if the object of the conspiracy was achieved, the enterprise would be engaged in or its activities would affect interstate or foreign commerce.

<u>Count One – RICO Conspiracy – "Conduct or Participate, Directly
or Indirectly, in the Conduct of Such Enterprise's Affairs"
Defined</u>

The third element that the United States must prove beyond
a reasonable doubt for the offense charged in Count One requires
that the United States show that the defendant joined the
conspiracy knowing of its objective to conduct or participate,
directly or indirectly, in the conduct of the affairs of the
enterprise.  In order to prove this element, the United States
must prove a connection between the defendant and the conduct of
the affairs of the enterprise that was the object of the
conspiracy.

The United States must prove that if the scheme was
completed, he would take some part in the operation or
management of the enterprise or that he would have some role in
directing the enterprise's affairs. Evidence that the defendant
would occupy a managerial position within the enterprise or
would exert control over the enterprise's operations is enough
to prove this element, but is not required.  You may find that
the defendant would participate, directly or indirectly, in the
conduct of the affairs of the enterprise if you find that the
scheme provided for him to be a lower level participant who
acted under the direction of upper management, knowingly
furthering the aims of the enterprise by implementing management
decisions or carrying out the instructions of those in control,

or provided that he would knowingly perform acts, functions, or duties that were necessary to, or helpful in, the operation of the enterprise.

You may find the defendant guilty of Count One if the evidence establishes that the defendant knowingly agreed to facilitate or further a scheme which, if completed, would constitute a RICO violation involving at least one other conspirator who would be employed by or associated with the enterprise and who would participate in the operation or management of the enterprise.

The United States must prove that the defendant was <u>either</u> "employed by" <u>or</u> "associated with" the enterprise, but the United States need not prove both. If you find that the defendant was employed by the enterprise, that is enough. You should give the phrase "employed by" its common, ordinary meaning. For example, a person is employed by an enterprise when he or she is on the payroll of the enterprise, or performs services for the enterprise, or holds a position in the enterprise.

Alternatively, you may find that the defendant was "associated with" the enterprise, if you find that the United States proved that he was aware of the general existence and nature of the enterprise, that it extended beyond his individual

role, and with that awareness participated in, aided, or furthered the enterprise's activities.

It is not required that the defendant be employed by or associated with the enterprise for the entire time the enterprise existed. The United States also is not required to prove that the defendant had a formal or managerial position in the enterprise, or participated in all the activities of the enterprise, or had full knowledge of all the activities of the enterprise, or knew about the participation of all the other members of the enterprise. What the United States must prove beyond a reasonable doubt is that at some time during the existence of the enterprise as alleged in the Indictment, the defendant was employed by or associated with the enterprise within the meaning of those terms as I have just explained.

Ultimately, to prove that the defendant was either employed by or associated with an enterprise, the United States must prove beyond a reasonable doubt that the defendant was connected to the enterprise in some meaningful way, and that the defendant knew of the existence of the enterprise and of the general nature of its activities.

Count One – RICO Conspiracy – "Through a Pattern of Racketeering Activity" Defined

Another requirement of the third element of a RICO conspiracy is that the agreed with at least one other alleged conspirator to achieve the objective of conducting or participating in the conduct of the enterprise's affairs through a "pattern of racketeering activity."

To establish this element, the United States must prove each of the following beyond a reasonable doubt:

1) That some member of the conspiracy would commit at least two acts of racketeering activity alleged in the Indictment and that the last act of racketeering activity occurred within 10 years after the commission of a previous act of racketeering activity;

2) That the acts of racketeering activity would be related to each other, meaning that there was a relationship between or among the acts of racketeering activity that were the object of the alleged conspiracy;

3) That the acts of racketeering activity would amount to or pose a threat of continued criminal activity; and

4) That some member of the conspiracy would conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs "through" the pattern of racketeering activity.

With respect to the second requirement, acts of racketeering activity are "related" to each other if the acts had the same or similar purposes, results, participants, victims or methods of commission, or were otherwise interrelated by distinguishing characteristics.  Acts of racketeering activity are not related if they are disconnected, sporadic, or widely separated and isolated acts.

As to the third requirement, the United States must prove that the racketeering acts themselves would amount to continuing racketeering activity or that the acts otherwise would pose a threat of continuing racketeering activity.  Continuing racketeering activity may be proved by evidence showing a closed period of repeated racketeering activity; that is, by evidence of a series of related racketeering acts committed over a substantial period of time.  Continuing racketeering activity or a threat of continuing racketeering activity may also be proved by evidence showing past racketeering activity that by its nature projects into the future with a threat of repetition; for example, when the acts of racketeering activity are part of a long-term association that exists for criminal purposes or when the acts of racketeering activity are shown to be the regular way of conducting the affairs of the enterprise.

To prove the fourth requirement—that a member of the conspiracy would conduct or participate in the conduct of the enterprise's affairs "through" a pattern of racketeering activity—the United States must prove that the acts of racketeering activity would have a relationship or a meaningful connection to the enterprise.  This relationship or connection may be established by evidence that the conspirator would be enabled to commit the racketeering activity by virtue of his position with or involvement in the enterprise that was the object of the conspiracy, or by evidence that his position with or involvement in the enterprise would facilitate his commission of the racketeering activity, or by evidence that the racketeering activity would benefit the enterprise, would be authorized by the enterprise, would promote or further the purposes of the enterprise, or would be in some other way related to the affairs of the enterprise.

As I previously explained, for the purposes of Count One, the United States does not have to prove that any racketeering activity was actually committed at all, or that the defendant agreed to personally commit such acts.  Indeed, it is not necessary for you to find that the objective or purpose of the conspiracy was achieved at all.  However, evidence must established that the defendant knowingly agreed to facilitate or further a scheme that, if completed, would include a pattern of

racketeering activity committed by at least one other

conspirator.

Count One – RICO Conspiracy – "Racketeering Activity" Defined

"Racketeering activity," as defined by the RICO statute, includes any acts that involve or that may be charged as any of a wide range of crimes under state or federal law.  Count One alleges that the defendant conspired to participate in a pattern of racketeering activity that consisted of:

a.  multiple acts involving murder, contrary to N.J.S.A. 2C:11-3, 2C:5-1, 2C:5-2, and 2C:2-6;

b.  multiple acts indictable under Title 18, United States Code, Section 1952;

c.  multiple acts indictable under Title 18, United States Code, Section 1512;

d.  multiple acts indictable under Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957;

e.  multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in controlled substances punishable under the laws of the United States, that is, Title 21, United States Code, Sections 846, 841, and 843(b).

I will explain each of these acts in greater detail shortly. The Indictment need not specify the predicate racketeering acts that the defendant agreed would be committed by some member of the conspiracy in the conduct of the affairs of the enterprise.

The Indictment alleges that the defendant agreed that multiple racketeering acts would be committed.

Moreover, in order to convict the defendant of the RICO conspiracy offense, your verdict must be unanimous as to which type or types of racketeering activity he agreed would be committed; for example, at least two acts of murder, or drug trafficking, or money laundering, or any combination thereof.

<u>Count One – RICO Conspiracy – Racketeering Activity Type One –
New Jersey Murder – Elements of the Offense</u>

The first type of act of racketeering activity alleged in Count One of the Indictment alleges acts involving murder, contrary to New Jersey state law.

For a defendant to be guilty of murder under New Jersey state law, the following two elements must be established beyond a reasonable doubt:

    1) The defendant caused the victim's death or serious bodily injury that then resulted in the victim's death, and

    2) The defendant did so purposely or knowingly.

New Jersey state law provides that a person acts "purposely" when it is the person's conscious object to cause death or serious bodily injury resulting in death.  A person acts "knowingly" when the person is aware that it is practically certain that his conduct will cause death or serious bodily injury resulting in death.

The nature of the purpose or knowledge with which a person acted toward the victim is a question of fact for you, the jury, to decide.  Purpose and knowledge are conditions of the mind which cannot be seen and can only be determined by inferences from conduct, words or acts.  It is not necessary for the United

States to produce a witness or witnesses who could testify that the person stated, for example, that his purpose was to cause death or serious bodily injury resulting in death; or that he knew that his conduct would cause death or serious bodily injury resulting in death.  It is within your power to find that proof of purpose or knowledge has been furnished beyond a reasonable doubt by inferences which may arise from the nature of the acts and the surrounding circumstances.  Such things as the place where the acts occurred, the weapon used, the location, number and nature of wounds inflicted, and all that was done or said by the person preceding, connected with, and immediately succeeding the events leading to the death of the victim are among the circumstances to be considered.

Although it is required that the defendant acted either purposely or knowingly, proof of motive is not required.  If the Government has proved the essential elements of the offense beyond a reasonable doubt, the defendant must be found guilty of that offense regardless of the defendant's motive or lack of a motive.

A homicide or a killing with a deadly weapon in itself would permit you to draw an inference that the defendant's purpose was to take life or cause serious bodily injury resulting in death.  A deadly weapon is any firearm or other

weapon, device, instrument, material or substance, which in the manner it is used or is intended to be used, is known to be capable of producing death or serious bodily injury.

The other element that must be established for a person to be guilty of murder is that the person caused the victim's death or "serious bodily injury" resulting in death.

As I previously advised you, under New Jersey state law, in order to find that ethe defendant has committed murder, it is necessary that the defendant either purposely or knowingly caused the victim's death or serious bodily injury resulting in death.  In that regard, "serious bodily injury" means bodily injury that creates a substantial risk of death.  A "substantial risk of death" exists where it is highly probable that the injury will result in death.

In order for you to find that the defendant committed purposeful serious bodily injury murder, the United States must prove beyond a reasonable doubt that it was the defendant's conscious object to cause serious bodily injury that then resulted in the victim's death; that the defendant knew that the injury created a substantial risk of death; and that it was highly probable that death would result.  In order for you to find that the defendant committed knowing serious bodily injury murder, the United States must prove beyond a reasonable doubt

that the defendant was aware that it was practically certain that his conduct would cause serious bodily injury that then resulted in the victim's death; that the defendant knew that the injury created a substantial risk of death; and that it was highly probable that death would result.

Causation has a special meaning under the law.  To establish causation, the United States must prove two elements, each beyond a reasonable doubt:

First, that but for the person's conduct, the victim would not have died, and

Second, the victim's death must have been within the design or contemplation of the defendant.  If not, it must involve the same kind of injury or harm as that designed or contemplated, and must also not be too remote, too accidental in its occurrence or too dependent on another's volitional act to have a just bearing on the defendant's liability or on the gravity of his offense.  In other words, the United States must prove beyond a reasonable doubt that the victim's death was not so unexpected or unusual that it would be unjust to find the defendant guilty of murder.

All jurors do not have to agree unanimously concerning which form of murder is present so long as all believe that it was one form of murder or the other.  However, for a person to

be guilty of murder, all jurors must agree that the defendant either knowingly or purposely caused the death or serious bodily injury resulting in the death of the victim.

A defendant is not relieved of responsibility for causing a result if the only difference between what actually occurred and what was designed, contemplated or risked is that a different person or property was injured or affected or that a less serious or less extensive injury or harm occurred.

<u>Count One – RICO Conspiracy – Racketeering Activity Type One –
New Jersey Murder – Accomplice Liability</u>

Under New Jersey state law, the defendant is legally accountable for the conduct of another person when he is an accomplice of such other person in the commission of an offense.

The defendant is an accomplice of another person in the commission of an offense if, with the purpose of promoting or facilitating the commission of the offense, the defendant (a) solicits such other person to commit it and/or (b) aids or agrees or attempts to aid such other person in planning or committing it.

This provision of the law means that not only is the person who actually commits the criminal act responsible for it but one who is legally accountable as an accomplice is also responsible as if he committed the crimes himself.

In order to find the defendant guilty of the crimes committed by another because he acted as his accomplice, the following elements must be established beyond a reasonable doubt:

1) That the other person committed the crime of murder (I have already explained the elements of this offense);

2) That the defendant solicited him to commit it and/or did aid or agree or attempt to aid him in planning or committing it;

3) That the defendant's purpose was to promote or facilitate the commission of the offenses; and

4) That the defendant possessed the criminal state of mind that is required to be proved against the person who actually committed the act.

Remember that one acts purposely with respect to his conduct or a result thereof if it is his conscious object to engage in conduct of that nature or to cause such a result.

"Solicit" means to strongly urge, suggest, lure or proposition.  "Aid" means to assist, support or supplement the efforts of another.  "Agrees to aid" means to encourage by promise of assistance or support.  "Attempt to aid" means that a defendant takes substantial steps in a course of conduct designed to or planned to lend support or assistance in the efforts of another to cause the commission of a substantive offense.

If you find that the defendant, with the purpose of promoting or facilitating the commission of the offense, solicited another to commit it and/or aided or agreed or

attempted to aid him/her in planning or committing it, then you should consider him as if he committed the crime himself.

To prove the accomplice's criminal liability, the United States does not have to prove his accomplice status by direct evidence of a formal plan to commit a crime.  There does not have to be verbal agreement by all who are charged.  The proof may be circumstantial.  Participation and agreement can be established from conduct as well as the spoken words.

Mere presence at or near the scene does not make one a participant in the crime, nor does the failure of a spectator to interfere make him a participant in the crime.  It is, however, a circumstance to be considered with the other evidence in determining whether he was present as an accomplice.  Presence is not in itself conclusive evidence of that fact.  Whether presence has any probative value depends on the total circumstances.  To constitute guilt there must exist a community of purpose and actual participation in the crime committed.

While mere presence at the scene of the perpetration of a crime does not render a person a participant in it, proof that one is present at the scene of the commission of the crime, without disapproving or opposing it, is evidence from which, in connection with other circumstances, it is possible for the jury to infer that he assented thereto, lent to it his countenance

and approval, and was thereby aiding the same.  It depends upon the totality of the circumstances as those circumstances appear from the evidence.

An accomplice may be convicted on proof of the commission of a crime or of his complicity therein even though the person who it is claimed committed the crimes has not been prosecuted or convicted or has been convicted of a different offense or degree of offense or has an immunity from prosecution or conviction or has been acquitted.

In order to convict the defendant as an accomplice to the crimes charged, the defendant must have had the purpose to participate in that particular crime.  He must act with the purpose of promoting or facilitating the commission of the substantive crimes with which he is charged.

It is not sufficient to prove only that the defendant had knowledge that another person was going to commit the crimes charged.  The United States must prove that it was the defendant's conscious object that the specific conduct charged be committed.

Count One – RICO Conspiracy – Racketeering Activity Type Two –
Interstate Travel and Transportation in Aid of Racketeering –
Elements of the Offense

The second type of racketeering activity alleged in Count
One of the Indictment is interstate travel and transportation in
aid of racketeering.  I will now instruct you on the law
governing this offense.

In order to prove the crime of traveling in interstate
commerce or using a facility in interstate commerce to
distribute the proceeds of an unlawful activity or to promote an
unlawful activity, the United States must prove the following
elements beyond a reasonable doubt:

1) that on or about the dates and between the places alleged
   in the Indictment, the defendant traveled or caused the
   travel from one state to another, or used or caused the
   use of a facility in interstate commerce;

2) that the defendant did so with the specific intent to
   promote, manage, establish, carry on or facilitate the
   promotion, management, establishment or carrying on of
   the unlawful activity alleged in the Indictment;

3) the unlawful activity alleged was narcotics distribution,
   contrary to Title 21, United States Code, Section 841;
   and

4) either while traveling or after the interstate travel or
   use of a facility in interstate commerce, the defendant

knowingly and deliberately performed an act, or attempted to perform an act, in furtherance of promoting, managing, establishing, carrying on or facilitating the promotion, management, establishment, or carrying on of the unlawful activity.

With respect to the first element, the term "travels in interstate commerce" means simply travel or transportation from one state to another. The term "uses any facility in interstate commerce" means employing or utilizing any method of communication or transportation between one state and another. The term "uses any facility in interstate commerce," for example, includes the use of the telephone. The United States does not have to prove that a telephone call actually crossed state lines.

It is not necessary for the United States to prove that any travel from one state to another or any use of a facility in interstate commerce was contemplated or planned at the time that the course of activity began or that the defendant knew that he was actually traveling in interstate commerce, or using a facility in interstate commerce. It is not necessary for the Government to prove that the promotion or facilitation of the activity alleged to be unlawful was the only reason for the interstate travel or use of an interstate facility, or that the

travel or the use of an interstate facility was essential to that activity.

The United States must prove beyond a reasonable doubt, however, that the defendant traveled in interstate commerce or used a facility in interstate commerce with the specific intent, at least in part, to promote, manage, establish, carry on or facilitate the promotion, management, establishment, or carrying on of the unlawful activity described in the Indictment. That is, the interstate act's relationship to the unlawful activity must be more than incidental.

With respect to the second element, the phrase to "promote, or facilitate the promotion, of any unlawful activity" means to do any act that would cause in any way the "unlawful activity" accomplished or to assist the "unlawful activity" – namely, distribution of and possession with intent to distribute narcotics. And you all must agree on the unlawful activity involved.

With respect to the third element, the Government alleges that the unlawful activity described therein was distribution of controlled substances. I will explain the elements of that offense to you shortly.

With respect to the fourth element—that the Government prove the defendant committed an overt act—the act need not be illegal, in and of itself. The act simply must be some conduct

done in furtherance of the unlawful activity after the
interstate travel or the facility in interstate commerce had
been used.

<u>Count One – RICO Conspiracy – Racketeering Activity Type Three –</u>
<u>Tampering with a Witness or Informant – Elements</u>

The third type of racketeering activity alleged in Count One of the Indictment is conspiracy to murder a federal witness or informant.  I will now instruct you on the law governing this offense.

In order to prove the crime of conspiracy to murder a federal witness or informant, contrary to Title 18, United States Code, Section 1512(a)(1)(C), in violation of Title 18, United States Code, Section 1512(k) the United States must prove the following elements beyond a reasonable doubt:

1) that two or more persons formed, reached, or entered into an unlawful agreement to murder Aristedes Statiroudis with the intent to prevent Aristedes Statiroudis from communicating to a law enforcement or a judge of the United States information relating to the commission or possible commission of a federal offense; and

2) that at some time during the existence or life of that unlawful agreement, the defendant knew the purpose of that agreement and intentionally joined it.

I have already explained the general elements of conspiracy under federal law.  Those instructions apply equally here.

The elements of the object of a conspiracy under 1512(k) – murder of a federal witness or informant, in violation of Title 18, United States Code, Sections 1512(a)(1)(C) – are as follows:

1) that the defendant killed or attempted to kill a person;

2) that the defendant was motivated by a desire to prevent the communication between the victim and law enforcement authorities concerning the commission or possible commission of an offense;

3) that the offense was actually a federal offense;

4) that the defendant believed that the victim might communicate with federal authorities

The term "law enforcement officer" means an officer or employee of the Federal Government, or a person authorized to act for or on behalf of the Federal Government.

The United States must prove that the object of the illegal agreement was to murder Aristedes Statiroudis in order to prevent his communication with federal law enforcement authorities about a federal offense.  Murder is defined in Title 18, United States Code, Section 1111(a), and requires the Government to prove that the murder was both premeditated and committed with malice aforethought.

An act is done with premeditation if it is done upon planning or deliberation.  In order to satisfy this element, the

Government must prove that the defendant killed the victim only after thinking the matter over, deliberating whether to act before committing the crime.  There is no requirement that the Government prove that the defendant deliberated for any particular period of time to show premeditation.  The amount of time needed for premeditation of a killing depends on the person and the circumstances.  It must be long enough for the defendant, after forming the intent to kill, to be fully conscious of his intent, and to have thought about the killing.

"Malice aforethought" means an intent, at the time of a killing, willfully to take the life of a human being, or an intent to act in callous and wanton disregard of the consequences to human life; but "malice aforethought" does not necessarily imply any ill will, spite, or hatred towards the individual killed.

Count One – RICO Conspiracy – Racketeering Activity Type Four – Money Laundering – Elements of the Offense

The fourth type of racketeering activity alleged in Count One is money laundering.  I will now instruct you on the law governing this offense.

In order to prove the crime of money laundering in violation of Title 18, United States Code, Section 1956(a)(1)(B)(1), the Government must prove the following elements beyond a reasonable doubt:

1) that a defendant conducted a financial transaction, which affected interstate commerce;

2) that a defendant conducted the financial transaction with the proceeds of a specified unlawful activity, that is, narcotics distribution;

3) that a defendant knew the transaction involved proceeds of some form of unlawful activity; and

4) that a defendant conducted the financial transaction with knowledge that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds of narcotics distribution.

With respect to the first element, the term "conducts" means to initiate, conclude, or participate in initiating or concluding a transaction.  The term "transaction" means, with

respect to a financial institution, the deposit, withdrawal, transfer between accounts, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means effected.

With respect to the second element, the term "proceeds" means any property, or any interest in property, that someone acquires or retains as a result of criminal activity. Proceeds may be derived from an already completed offense or from a completed phase of an ongoing offense, such as conspiracy to distribute narcotics.

The United States is not required to prove that all of the funds involved in the charged transactions were the proceeds of the specified unlawful activity. It is sufficient if the Government proves beyond a reasonable doubt that at least part of the funds involved in a transaction represents such proceeds of specified unlawful activity. The term "specified unlawful activity" includes a violation of the drug conspiracy statute charged in this case.

With respect to the third element, the United States must prove that a defendant knew the property involved in the transaction represented proceeds from some form of unlawful activity that is a felony offense under state, federal, or foreign law. The United States is not required to prove that the defendant knew what the unlawful activity was.

With respect to the fourth element—that a defendant intended to conceal or disguise the nature, source, ownership, or control of the proceeds of the specified unlawful activity— you may consider a defendant's actual knowledge, circumstantial evidence, or willful blindness.  In other words, you are entitled to find from the circumstances surrounding the financial transactions that the purpose of that activity and a defendant's knowledge.

Alternatively, to find that a defendant committed money laundering in violation of Title 18, United States Code, Section 1957, the United States must prove the following elements beyond a reasonable doubt:

1) that a defendant knowingly engaged in or attempted to engage in a monetary transaction;

2) that a defendant knew the transaction involved criminally derived property;

3) that the value of the property exceeded $10,000;

4) that the property was, in fact, derived from illegal drug distribution; and

5) that the transaction occurred in the United States.

The term "monetary transaction" means the deposit or transfer or exchange, in and affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial

institution.  The term "financial institution" includes an insured bank, a business engaged in vehicle sales, or a casino.

The term "criminally derived property" means any property constituting or derived from the proceeds obtained from a criminal offense.  The United States must prove that the defendant knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense.

Although the United States must prove that, of the property at issue, more than $10,000 was criminally derived the United States does not have to prove that all the property at issue was criminally derived.

Count One – RICO Conspiracy – Racketeering Activity Type Five –
Controlled Substance Offenses – Introduction

     The final type of racketeering activity alleged in Count

One of the Indictment is the felonious receiving, concealing,

buying, selling, and otherwise dealing in a controlled substance

punishable under the laws of the United States, specifically,

conspiracy to distribute and possess with intent to distribute

controlled substances; distribution and possession with intent

to distribute controlled substances; and use of a communication

facility to violate the Controlled Substances Act.  I will

instruct you as to the law governing each of these crimes in

turn.

<u>Count One – RICO Conspiracy – Racketeering Activity Type Five –
Controlled Substance Offenses – Conspiracy to Distribute and
Possess with Intent to Distribute</u>

In order to find a defendant guilty of this offense, you must find that the United States proved each of the following three elements beyond a reasonable doubt:

1) Two or more persons agreed to distribute and possess with intent to distribute a controlled substance.  I will explain the elements of these offenses to you shortly;

2) The defendant was a party to or member of that agreement; and

3) The defendant joined the agreement or conspiracy knowing of its objectives to distribute and possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

I have already explained the general elements of conspiracy under federal law.  Those instructions apply equally here.

The United States must prove beyond a reasonable doubt that the defendant conspired to distribute or possess with intent to distribute a controlled substance.  The United States does not have to prove that the defendant knew the type of drugs that he conspired about.  It is enough that the United States prove that

the defendant knew that the conspiracy involved some type of a controlled substance.

<u>Count One – RICO Conspiracy – Racketeering Activity Type Five – Controlled Substance Offenses – Possession with Intent to Distribute</u>

For a defendant to be guilty of possession with intent to distribute a controlled substance, including heroin or cocaine or fentanyl or marijuana, the following four elements must be satisfied:

1) The defendant possessed a mixture or substance containing a controlled substance;

2) The defendant possessed the controlled substance knowingly or intentionally;

3) The defendant intended to distribute the controlled substance; and

4) The existence of the controlled substance.

<u>Count One – RICO Conspiracy – Racketeering Activity Type Five –
Controlled Substance Offenses – Distribution of a Controlled
Substance</u>

For a defendant to be guilty of distributing a controlled substance, including cocaine, the following three elements must be established:

1) The defendant distributed a mixture or substance containing a controlled substance;

2) The defendant distributed the controlled substance knowingly and intentionally; and

3) The existence of the controlled substance.

<u>Count One – RICO Conspiracy – Racketeering Activity Type Five –
Controlled Substance Offenses – Use of Communication Facility in
Causing or Facilitating the Commission of Controlled Substance
Offense – Elements</u>

For a defendant to be guilty of use of a communication facility in causing or facilitating the commission of a controlled substance offense, the following two elements must be established:

1) The defendant knowingly used a communication facility; and

2) The defendant acted with the intent to commit, cause or facilitate the commission of a drug felony, namely, distribution of controlled substances.

A communication facility can be any public or private device that is or can be used to transmit writings, signs, signals, or pictures of all kinds.  This includes the mail, a telephone, a radio, or any method of wire or other means of communication.

<u>Count One – RICO Conspiracy – Racketeering Activity Type Five –
Controlled Substance Offenses – Definitions</u>

I will now instruct you on the meanings of "possess,"

"distribute," "controlled substance," "knowingly and

intentionally," and "intent to distribute."

**Possess**.  To "possess" a controlled substance means to have

it within a person's control.  It is not necessary that the

defendant physically held the controlled substance, that is, had

actual possession of it.  As long as the controlled substance

was within the defendant's control, he possessed it.  All that

is required to establish possession is that the defendant had

actual possession of the controlled substance or had the power

and intention to exercise control over it, even if it was not in

the defendant's physical possession—that is, that the defendant

had the ability to take actual possession of the substance when

the person wanted to do so.  Possession may be momentary or

fleeting. Proof of ownership of the controlled substance is not

required.

The law also recognizes that possession may be sole or

joint.  If one person alone possesses a controlled substance,

that is sole possession.  However, more than one person may have

the power and intention to exercise control over a controlled

substance.  This is called joint possession.  If the person had

such power and intention, then he possessed the controlled substance even if he possessed it jointly with another.

Possession also may be actual or constructive. To establish constructive possession the government must prove that the defendant knew of the object and had control over it. To possess means to have something within a person's control. This does not necessarily mean that the defendant must hold it physically, that is, have actual possession of it. Possession includes sole and joint possession. Possession also includes both actual and constructive possession. A person who has direct physical control of something on or around his person is then in actual possession of it. A person who is not in actual possession but who has both the power and the intention to exercise control over something is in constructive possession of it. So whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.

**Distribute.** "Distribute" means deliver or transfer possession or control of a controlled substance from one person to another.

Distribute includes the sale of a controlled substance by one person to another. Distribute also includes a delivery or transfer without any financial compensation, such as a gift or trade.

**Controlled Substance.**  You are instructed that, as a matter of law, cocaine and marijuana are controlled substances, which are illegal.

**Knowingly and Intentionally.**  The phrase "knowingly and intentionally," as used in this offense, requires that the person knew that what he possessed with intent to distribute was a controlled substance.

**Intent to Distribute.**  In order to find a person guilty of possession of a controlled substance with "intent to distribute," it is required that the person intended to distribute a mixture or substance containing a controlled substance.  To find that the person had the intent to distribute, it is required that the person had in mind or planned in some way to deliver or transfer possession or control over a controlled substance to someone else.

Intent to distribute may be inferred from all of the facts and circumstances shown, including the person's words and actions.  It may also be inferred from, among other things, the quantity and purity of the controlled substance, the manner in which the controlled substance was packaged, and the presence or absence of weapons, large amounts of cash, or equipment used in the processing or sale of controlled substances.

<u>Count One – RICO Conspiracy – Special Interrogatory</u>

If you find the defendant guilty of the offense charged in Count One of the Indictment—the RICO conspiracy—you will need to make additional findings as listed in the special verdict forms. Do not answer these jury interrogatories until after you have reached your verdict for Count One.  If you find that the United States has not proved the defendant guilty of the offense charged in Count One, then you do not need to answer the interrogatories.

<u>Murder of Juan Santos-Martinez</u>

If you find the defendant guilty of RICO conspiracy, then you must decide whether the United States has proved beyond a reasonable doubt that the defendant committed the murder of Juan Santos-Martinez or acted as an "accomplice" (or "aider and abettor") of another person in the murder of Juan Santos-Martinez, in violation of New Jersey law.

<u>Murder of Aristedes Statiroudis</u>

If you find the defendant guilty of RICO conspiracy, then you must decide whether the United States has proved beyond a reasonable doubt that the defendant committed the murder of Aristedes Statiroudis or acted as an "accomplice" (or "aider and

abettor") of another person in the murder of Aristedes Statiroudis, in violation of New Jersey law.

### Conspiracy to Murder a Federal Witness or Informant

If you find the defendant guilty of RICO conspiracy, then you must decide whether the United States has proved beyond a reasonable doubt that the defendant knowingly and willfully conspired and agreed with others to kill Aristedes Statiroudis with the intent to prevent Statiroudis from communicating with a Federal law enforcement officer about the commission and possible commission of a Federal offense.

### Murder of Jose Colon

If you find the defendant guilty of RICO conspiracy, then you must decide whether the United States has proved beyond a reasonable doubt that the defendant committed the murder of Jose Colon or acted as an "accomplice" (or "aider and abettor") of another person in the murder of Jose Colon, in violation of New Jersey law.

## Aiding and Abetting

A person may be guilty of an offense because he personally committed the offense himself or because he aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is called the principal.

In this case, the United States alleges aiding and abetting as a form of culpability for the defendant charged in Counts Two, Three, Four, Five, Seven, Eight, Nine, Ten, and Eleven of the Indictment.  In order to find the defendant guilty of an offense because he aided and abetted the principal in committing the offense, you must find that the United States proved beyond a reasonable doubt each of the following four requirements:

1) That the principal committed the offense charged by committing each of the elements of the offense charged, as I have explained those elements to you in these instructions;

2) That the defendant knew the offense charged was going to be committed or was being committed by the principal;

3) That the defendant knowingly did some act for the purpose of aiding the principal in committing the specific

offense charged and with the intent that the principal
commit that specific offense; and

4) That the defendant performed an act in furtherance of the
offense charged.

In deciding whether the defendant had the required
knowledge and intent to satisfy the third requirement for aiding
and abetting, you may consider both direct evidence and
circumstantial evidence including the defendant's words and
actions and the other facts and circumstances.  However,
evidence that the defendant merely associated with persons
involved in the criminal venture or was merely present or was
merely a knowing spectator during the commission of the offense
is not enough for you to find the defendant guilty as an aider
and abettor.  If the evidence shows that the defendant knew that
the offense was being committed or was about to be committed,
but does not also prove beyond a reasonable doubt that it was
the defendant's intent and purpose to assist or otherwise
associate himself with the offense, you may not find the
defendant guilty of the offense as an aider and abettor.  The
Government must prove beyond a reasonable doubt that the
defendant in some way participated in the offense committed by
the principal as something the defendant wished to bring about
and to make succeed.

To show that the defendant performed an act in furtherance of the offense charged, to satisfy the fourth requirement, the Government needs to show some affirmative participation by the defendant, which at least encouraged the principal to commit the offense.  That is, you must find that the defendant's act did, in some way, aid, assist, facilitate or encourage the principal to commit the offense.  The defendant's act need not further aid, assist, facilitate or encourage every part or phase or element of the offense charged; it is enough if the defendant's act further aided, assisted, facilitated or encouraged only one part, phase or element of the offense. Also, the defendant's act need not itself be against the law.

<u>Violent Crimes "In Aid of Racketeering" – Elements Generally</u>

Counts Two, Five, and Nine charge the defendant with committing various crimes in aid of racketeering, in violation of Section 1959 of Title 18 of the United States Code.  Under that statute,

> Whoever, . . . for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, . . . assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon . . . any individual in violation of the laws of any State or the United States, . . . or attempts or conspires to do so is guilty of a crime.

In order to prove that the defendant committed one of the enumerated crimes in aid of racketeering, the United States must establish beyond a reasonable doubt each one of the following elements of the offense:

1) that an enterprise affecting interstate or foreign commerce existed;

2) that the enterprise was engaged in racketeering activity;

3) that the defendant committed the alleged violent crime; and

4) that the defendant's general purpose in committing the violent crime was to gain entrance to and to maintain and to increase position in the enterprise.

Unlike the RICO conspiracy offense charged in Count One of the Indictment, for Counts Two, Five, and Nine, the United States must prove that the alleged enterprise actually existed and that it actually engaged in or its activities actually affected interstate or foreign commerce.

### Violent Crimes "in Aid of Racketeering" – Elements Generally – Definitions

I will now define "enterprise," "enterprise engaged in racketeering activity," "position in the enterprise," and "to gain entrance to and to maintain and to increase position in an enterprise" as these terms relate to acts committed in aid of racketeering, in violation of Section 1959.  The following definitions apply to Counts Two, Five, and Nine.

**Enterprise**.  The first element the United States must prove beyond a reasonable doubt is that an "enterprise" existed.  As I previously instructed you, an enterprise may be: (1) a legal entity, such as a corporation or partnership; or (2) a group of individuals associated in fact although not a legal entity.  In this case, the enterprise alleged in the Indictment, that is, the drug trafficking enterprise referenced in the Indictment as the "Healy DTE," is a group of individuals associated in fact although not a legal entity.

The term "enterprise" includes both legitimate enterprises and also illegitimate or completely illegal enterprises.  Thus,

the enterprise need not have a purpose other than the commission of or facilitating the commission of the racketeering activity alleged in the Indictment.

In order to find the existence of an "association in fact enterprise," you must find that the United States proved beyond a reasonable doubt each of the following:

First: That the group had purposes and longevity sufficient for the members of the group to pursue its purposes;

Second: That the group had an ongoing organization, formal or informal, with some sort of framework for carrying out its objectives; and

Third: That there was a relationship among the members of the group and that the members of the group functioned as a continuing unit to achieve a common purpose.

The United States must also prove beyond a reasonable doubt that the enterprise was engaged in or had an effect on interstate or foreign commerce.  That means that the Government must prove that the enterprise was involved in or affected in some way trade, or business, or travel between two or more states or between a state and a foreign country.

An enterprise is engaged in interstate or foreign commerce when it is itself directly engaged in the production,

distribution, or acquisition of services, money, goods, or other property in interstate or foreign commerce.

Alternatively, an enterprise's activities affect interstate or foreign commerce if its activities in any way interfered with, changed, or altered the movement or transportation or flow of goods, merchandise, money, or other property between or among two or more states or between a state and a foreign country. The United States must prove that the enterprise's activities had some effect on commerce, no matter how minimal or slight. The United States need not prove that any defendant knew that the enterprise would engage in, or that the enterprise's activities would affect, interstate or foreign commerce. The United States also need not prove that any defendant intended to obstruct, delay or interfere with interstate or foreign commerce, or that the purpose of the alleged crime generally was to affect interstate or foreign commerce. Moreover, you do not have to decide whether the effect on commerce was harmful or beneficial.

In addition, the United States does not have to prove that the pattern or the individual acts of racketeering activity themselves affected interstate or foreign commerce. Rather, it is the enterprise and its activities considered as a whole that must be shown to have that effect. On the other hand, this

effect on interstate or foreign commerce may be established through the effect caused by the pattern or the individual acts of racketeering activity.

**Enterprise Engaged In Racketeering Activity**.  The second element which the United States must prove beyond a reasonable doubt is that the enterprise was engaged in racketeering activity at the time of the violent crime charged.  Federal law provides that the term "racketeering activity" means certain state and federal crimes, including:

a. multiple acts involving murder, contrary to N.J.S.A. 2C:11-3, 2C:5-1, 2C:5-2 and 2C:2-6;

b. multiple acts indictable under Title 18, United States Code, Section 1952;

c. multiple acts indictable under Title 18, United States Code, Section 1512;

d. multiple acts indictable under Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957;

e. multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in controlled substances punishable under the laws of the United States in violation of Title 21, United States Code, Section 846, Section 841, and Section 843(b).

Significantly, unlike the RICO conspiracy charge I described to you in Count One, a violation of Section 1959 does not require that the defendant commit or agree to commit a "pattern of racketeering activity."

To prove that the enterprise "engaged in racketeering activity," there must be some nexus between the enterprise and the racketeering activity being conducted by members and or associates of the enterprise.

It is for you to determine whether the enterprise engaged in these activities as charged.  You should give the words "engaged in" their ordinary, everyday meaning.  The element is satisfied by showing that members or associates of the enterprise committed racketeering activity on behalf of or in connection with the enterprise.

As I just told you, the Indictment alleges that the enterprise, through its members and associates, engaged in racketeering activity consisting of several different State and Federal crimes.  The United States must prove beyond a reasonable doubt that the enterprise was engaged in at least one of the crimes named above.

It is for you to determine whether the enterprise engaged in the activities as charged.  The element is satisfied by showing that members or associates of the enterprise committed

racketeering activity on behalf of or in connection with the enterprise. I have already instructed you on the law governing the state and federal offenses referenced above. Those instructions apply equally here.

**Violent Crime.** The third element the United States must establish beyond a reasonable doubt is that the defendant committed the violent crime alleged against him in the Indictment—specifically, murder, as charged in Counts Two, Five, and Nine—contrary to the laws of New Jersey.

**Purpose to Gain Entrance To and Maintain and Increase Position in the Enterprise.** Earlier, I instructed you that motive generally is not an element that the United States must prove. For a Section 1959 offense, however, the fourth element the United States must establish beyond a reasonable doubt is that at least one of the defendant's general purposes in committing the murder was to gain entrance to and to maintain and to increase position maintain or increase his position in the racketeering enterprise.

In determining whether one of the defendant's purposes was to "gain entrance to" or "maintain" or "increase" position in the enterprise, or aid or abet another's maintaining or increasing position in the enterprise, you should give those words their ordinary meaning. You should consider all of the

facts and circumstances in making that determination.  For example, you may consider what, if any, position the defendant held in the enterprise, and the extent, if at all, commission of the alleged crimes served to maintain, uphold, or enhance his position within the enterprise.  You need only find that enhancing his status in the Drug Trafficking Enterprise was a purpose of the defendant or that he committed the charged crime as an integral aspect of membership in Drug Trafficking Enterprise.

It is sufficient if the violent crime was committed "as an integral aspect of membership" in the enterprise.  This element is also satisfied if the violent crime was committed to retaliate against rivals, eliminate competition, or because the defendant knew that it was expected of him by reason of his membership in the enterprise.

You need not, however, find that maintaining or increasing position in the enterprise was the defendant's sole or principal motive.  It is sufficient if you find that the defendant conspired and/or committed violent crimes because he knew it was expected of him by reason of his membership in the enterprise or that he committed it in furtherance of that membership.

In deciding what the defendant's purpose was in committing a particular act, you must determine what he had in mind.  Since

one cannot look into a person's mind, you have to determine his purpose by considering all of the facts and circumstances before you.

<u>Counts Two, Five, and Nine – Murder in Aid of Racketeering</u>

Count Two of the Indictment alleges that on or about February 3, 2018, in Essex County, in the District of New Jersey and elsewhere, the defendant, Michael Healy, a/k/a "Shady," a/k/a "Porsche," a/k/a "White Boy," as consideration for the receipt of, and as a consideration for a promise and agreement to pay, anything of pecuniary value from the Healy DTE and for the purpose of gaining entrance to, and maintaining and increasing position in, the Healy DTE, an enterprise engaged in racketeering activity, did knowingly and purposely murder, and aid and abet the murder of Victim-1 (that is, Juan Santos-Martinez).

Count Five of the Indictment alleges that on or about March 12, 2018, in Essex County, in the District of New Jersey and elsewhere, the defendant, Michael Healy, a/k/a "Shady," a/k/a "Porsche," a/k/a "White Boy," as consideration for the receipt of, and as a consideration for a promise and agreement to pay, anything of pecuniary value from the Healy DTE and for the purpose of gaining entrance to, and maintaining and increasing position in, the Healy DTE, an enterprise engaged in racketeering activity, did knowingly and purposely murder, and aid and abet the murder of A.S. (that is, Aristedes Statiroudis).

Count Nine of the Indictment alleges that on or about April 6, 2018, in Essex County, in the District of New Jersey and elsewhere, the defendant, Michael Healy, a/k/a "Shady," a/k/a "Porsche," a/k/a "White Boy," as consideration for the receipt of, and as a consideration for a promise and agreement to pay, anything of pecuniary value from the Healy DTE and for the purpose of gaining entrance to, and maintaining and increasing position in, the Healy DTE, an enterprise engaged in racketeering activity, did knowingly and purposely murder, and aid and abet the murder of J.S. (that is, Jose Colon).

The defendant is charged with violating Section 1959 of Title 18 of the United States Code. In order for you to convict the defendant of the Section 1959 offense charged in Counts Two, Five, and Nine, the Government must prove each and every one of the Section 1959 offense elements beyond a reasonable doubt. As I have explained, Section 1959 prohibits the murder of any individual for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity. You are to refer to those instructions as you consider Counts Two, Five, and Nine. You are also to refer to my instructions on the law governing the crime of murder under New Jersey state law. All of those instructions apply equally here.

<u>Murder in Aid of Racketeering – Aiding and Abetting</u>

The defendant may be charged as either the principal, or as an aider and abettor, or both, in the commission of a crime. The Indictment charges the defendant in Counts Two, Five, and Nine as both the principal actor in each murder in aid of racketeering as well as an aider and abettor of each crime.  You may consider the defendant's guilt or lack of guilt based on either form of culpability.  You need not find both forms of liability proven beyond a reasonable doubt in order to return a guilty verdict.

I have previously instructed you on "aiding and abetting" and that instruction applies equally here.

Conspiracy to Murder a Federal Witness

Count Six of the Indictment alleges that from in or around October 2017 through on or about March 12, 2018, in Essex County, in the District of New Jersey and elsewhere, the defendant, Michael Healy, a/k/a "Shady," a/k/a "Porsche," a/k/a "White Boy," did knowingly and intentionally conspire and agree with others to kill another person, namely, A.S. (i.e., Aristedes Statiroudis), with the intent to prevent the communication by Aristedes Statiroudis to a law enforcement officer of the United States of information relating to the commission and possible commission of a Federal offenses, namely, the conspiracy to distribute controlled substances pursuant to Title 21, United States Code, Section 846 as charged in the Indictment.

In order for you to convict the defendant of the Section 1512 offense charged in Count Six, the Government must prove each and every one of the Section 1512 offense elements beyond a reasonable doubt. As I have explained, Section 1512 prohibits the murder of any individual for the purpose of preventing communication by that person to a Federal law enforcement officer about information relating to the commission or possible commission of a Federal offense. You are to refer to my instructions on the law governing the crime of conspiracy to

murder a federal witness.  All of those instructions apply

equally here.

<u>Counts Three, Seven, and Ten – Using and Carrying a Firearm
During a Crime of Violence</u>

Count Three of the Indictment alleges that on or about February 3, 2018, in Essex County, in the District of New Jersey and elsewhere, the defendant, Michael Healy, a/k/a "Shady," a/k/a "Porsche," a/k/a "White Boy," during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, murder in aid of racketeering as alleged in Count Two, did knowingly use and carry a firearm, and did knowingly aid and abet the use and carrying of a firearm, which was discharged.

Count Seven of the Indictment alleges that on or about March 12, 2018, in Essex County, in the District of New Jersey and elsewhere, the defendant, Michael Healy, a/k/a "Shady," a/k/a "Porsche," a/k/a "White Boy," during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, murder in aid of racketeering as alleged in Count Five, did knowingly use and carry a firearm, and did knowingly aid and abet the use and carrying of a firearm, which was discharged.

Count Ten of the Indictment alleges that on or about April 6, 2018, in Essex County, in the District of New Jersey and elsewhere, the defendant, Michael Healy, a/k/a "Shady," a/k/a "Porsche," a/k/a "White Boy," during and in relation to a crime

of violence for which they may be prosecuted in a court of the United States, namely, murder in aid of racketeering as alleged in Count Nine, did knowingly use and carry a firearm, and did knowingly aid and abet the use and carrying of a firearm, which was discharged.

In order to find the defendant guilty of using and carrying a firearm during a crime of violence, as charged in Counts Three, Seven, and Ten, you must find that the Government proved each of the following three elements beyond a reasonable doubt:

1) That the corresponding crime of murder in aid of racketeering, as alleged in the Indictment, was committed;

2) That during and in relation to the commission of that crime, the defendant knowingly used or carried a firearm. The phrase "uses or carries a firearm" means having a firearm, or firearms, available to assist or aid in the commission of the crime of murder in aid of racketeering. "Use" means more than mere possession of the firearm; to establish use, the Government must show active employment of the firearm. If the defendant did not either disclose or mention the firearm or actively employ it, the defendant did not use the firearm. "Carry" means that the defendant possessed the firearm; and

3) That the defendant used or carried the firearm during and
   in relation to the crime of murder in aid of
   racketeering. "During and in relation to" means that the
   firearm must have had some purpose or effect with respect
   to the crime of violence. The firearm must have at least
   facilitated or had the potential of facilitating the
   crime of violence.

In determining whether the defendant used or carried a firearm
during and in relation to each count of murder in aid of
racketeering, you may consider all of the factors received in
evidence in the case, including the nature of each underlying
crime, how close the defendant was to the firearm in question,
the usefulness of the firearm to the crime, and the
circumstances surrounding the presence of the firearm.

The United States is not required to show that the
defendant actually displayed or fired the weapon. However, the
United States must prove beyond a reasonable doubt that the
firearm was in the defendant's possession or under his control
at the time that the crime of murder in aid of racketeering was
committed and that the firearm facilitated or had the potential
of facilitating the murder.

<u>Counts Three, Seven, and Ten – Using and Carrying a Firearm</u>
<u>During a Crime of Violence – Aiding and Abetting</u>

In this case, the United States alleges aiding and abetting as a form of culpability for the defendant as charged in Counts Three, Seven, and Ten of the Indictment.

I have previously instructed you on "aiding and abetting" and that instruction applies equally here.

In the context of aiding and abetting the offense of using or carrying a firearm during and relation to a crime of violence, the defendant acts with the requisite intent if he had advance knowledge that a confederate would use or carry a gun during the commission of a violent crime.  Advance knowledge means knowledge at a time the defendant can attempt to alter the plan or withdraw from the enterprise. Knowledge of the gun may, but does not have to, exist before the underlying crime is begun.  It is sufficient if the knowledge is gained in the midst of the underlying crime, as long as the defendant continues to participate in the crime and had a realistic opportunity to withdraw.  You may, but need not, infer that the defendant had sufficient foreknowledge if you find the defendant continued his participation in the crime after a gun was displayed or used by a confederate.

<u>Counts Three, Seven, and Ten – Using and Carrying a Firearm</u>
<u>During a Crime of Violence – Special Interrogatories</u>

You will need to make additional findings in the special verdict form if you find the defendant guilty of any of the offenses charged in Counts Three, Seven, and Ten.  Do not answer these jury interrogatories until after you have reached your verdict with respect to each applicable offense.  If you find that the United States has not proved the defendant guilty of an applicable offense, then you do not need to answer the interrogatories with respect to that offense.

If you find the defendant guilty of the offense charged in Count Three, then you must decide whether the United States has proved beyond a reasonable doubt that the firearm was discharged.

If you find the defendant guilty of the offense charged in Count Seven, then you must decide whether the United States has proved beyond a reasonable doubt that the firearm was discharged.

If you find the defendant guilty of the offense charged in Count Ten, then you must decide whether the United States has proved beyond a reasonable doubt that the firearm was discharged.

<u>Counts Four, Eight, and Eleven – Causing Death Through Use of a</u>
<u>Firearm</u>

Count Four charges that on or about February 3, 2018, in Essex County, in the District of New Jersey and elsewhere, the defendant, Michael Healy, a/k/a "Shady," a/k/a "Porsche," a/k/a "White Boy," in the course of a violation of Title 18, United States Code, Section 924(c), as charged in Count Three of the Indictment, did knowingly and purposely cause the death of Victim-1, that is, Juan Santos-Martinez, through use of a firearm, and did aid and abet same.

Count Eight charges that on or about March 12, 2018, in Essex County, in the District of New Jersey and elsewhere, the defendant, Michael Healy, a/k/a "Shady," a/k/a "Porsche," a/k/a "White Boy," in the course of a violation of Title 18, United States Code, Section 924(c), as charged in Count Seven of the Indictment, did knowingly and purposely cause the death of A.S., that is, Aristedes Statiroudis, through use of a firearm, and did aid and abet same.

Count Eleven charges that on or about April 6, 2018, in Essex County, in the District of New Jersey and elsewhere, the defendant, Michael Healy, a/k/a "Shady," a/k/a "Porsche," a/k/a "White Boy," in the course of a violation of Title 18, United States Code, Section 924(c), as charged in Count Ten of the

Indictment, did knowingly and purposely cause the death of J.C., that is, Jose Colon, through use of a firearm, and did aid and abet same.

Federal law makes it a crime to cause the death of another person through the use of a firearm during and in relation to a crime of violence.

In order to find the defendant guilty of causing death through use of a firearm, you must find that the Government proved each of the following four elements beyond a reasonable doubt:

1) That the defendant committed the corresponding crime of violence alleged in the Indictment, murder in aid of racketeering in each instance;

2) That the defendant knowingly and intentionally used and carried a firearm during and in relation to the crime of violence;

3) That in the course of committing the crime of violence, the defendant caused the death of the respective victim as alleged in the Indictment through the use of the firearm;

4) The death was an unlawful killing of a human being with malice aforethought.

I previously instructed you as to the elements of violent crime in aid of racketeering murder.  You should apply those instructions here.  Violent crime in aid of racketeering murder is a crime of violence which may be prosecuted in a court of the United States.

I have also previously instructed you as to the terms "use," "carrying," "firearm," "during and in relation to," and "knowingly."  Those instructions apply here as well.

To kill with malice aforethought means either to kill another person deliberately and intentionally, or to act with callous and wanton disregard for human life.  To find malice aforethought, you need not be convinced that the defendant hated the person killed, or felt ill will toward the victim at the time.  In determining whether the killing was with malice aforethought, you may consider the use of a weapon or instrument, and the manner in which death was caused.

<u>Count Twelve – Conspiracy to Distribute Controlled Substances</u>

Count Twelve charges the defendant with knowingly and intentionally conspiring and agreeing with others to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing cocaine, one kilogram or more of a mixture and substance containing heroin, 400 grams or more of a mixture and substance containing fentanyl, and 1,000 kilograms or more of a mixture and substance containing marijuana.

I have already instructed you about federal conspiracy law and the legal principles pertaining to distribution of controlled substances.  Those instructions apply equally here.

If you find the defendant guilty of Count Twelve, you will need to make additional findings as listed in the special verdict forms.  Do not answer these jury interrogatories until after you have reached your verdict for Count Twelve.  If you find that the Government has not proved the defendant guilty of the offense charged in Count Twelve, then you need not answer the interrogatory with respect to Count Twelve.

If you find the defendant guilty of the offense charged in Count Twelve, then you must decide whether the Government has proved beyond a reasonable doubt that the defendant conspired to

distribute certain quantities of the controlled substances

alleged in the Indictment.

<u>Election of Foreperson; Unanimous Verdict; Do Not Consider
Punishment; Duty to Deliberate; Communication with Court</u>

I am reaching the end of my instructions explaining the law regarding the testimony and other evidence, and the offenses charged. Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First: The first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court. He or she will also preside over your discussions. However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second: I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty of an offense, every one of you must agree that the United States has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt. To find the defendant not guilty, every one of you must agree that the United States has failed to convince you beyond a reasonable doubt.

Third: If you decide that the United States has proved the defendant guilty, then it will be my responsibility to decide what the appropriate punishment should be. You should never consider the possible punishment in reaching your verdict.

Fourth:  As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you.  You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be.  What the verdict should be is the exclusive responsibility of the jury.

Fifth:  Now that all the evidence is in, and after I have finished my instructions, as I indicated, you will hear closing arguments.  Once you hear closing arguments, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.  Listen carefully to what the other jurors have to say, and then decide for yourself if the United States has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. You should all feel free to speak your minds.

Sixth: Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other. During your deliberations, you may not use any electronic device or media, such as a cell phone, or the internet to communicate to anyone any information about this case or to conduct any research about this case.

Seventh: If you have any questions or messages, your foreperson should write them down on a piece of paper, with the foreperson's jury number, and sign them, and then give them to Ms. Olivieri, who will give them to me. I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message andI will have those exhibits provided to you.

One more thing about messages. Do not ever write down or tell anyone how you or anyone else voted. That should stay secret until you have finished your deliberations. If you have occasion to communicate with the court while you are

deliberating, do not under any circumstances disclose anything at all about the number of jurors who have voted to convict or acquit on any offenses.

<u>Verdict Form</u>

A verdict form has been prepared that you should use to record your verdicts.

Take this form with you to the jury room. When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form, date it and add his or her juror number to it, return it to the courtroom, and give the form to my courtroom deputy to give to me with a note.  The note should simply say: We have a verdictIf you decide that the United States has proved the defendant guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the United States has not proved the defendant guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

## Conclusion

At this time, the regular jurors will begin their deliberations in the case. Nevertheless, the alternate jurors are not excused. While the jury conducts its deliberations, you should continue to report to the courtroom at 9 AM each morning until I excuse you. Regular jurors are jurors in seats 1-12. Alternate jurors are jurors in seats 13-16. During this time, you must continue to observe all the restrictions I have instructed you on throughout the trial. That is, you must not discuss this case with anyone, including your fellow alternate jurors, the regular jurors, other people involved in the trial, members of your family, friends, or anyone else. Do not speak at all with any of the parties, the witnesses, or the attorneys. Do not permit anyone to discuss the case with you. Do not even remain in the presence of anyone discussing the case. If anyone approaches you and tries to talk to you about the case, please report that to me, through my courtroom deputy, immediately. While I do not know whether there is any news coverage of this case, do not watch or listen to any news reports concerning this trial on television or radio and do not read any news accounts of this trial in a newspaper or on the Internet. Do not use the Internet to search for information about the parties, witnesses, lawyers, or anything else associated with the trial. Do not visit the scenes of the alleged offenses or conduct any kind of

investigation of your own. Should you be asked to participate in reaching a verdict in this case, the only information you will be allowed to consider in deciding this case is what you learned in this courtroom during the trial.

I have concluded my instructions. You will now hear closing arguments and you will then begin your deliberations. I am confident that you will deliberate with all the care that justice requires and each of the parties deserve, and that you will reach a decision based on the evidence and the law as I have this morning instructed you.